## MERRILL *v.* TAMANY et al.

After bankruptcy of a partner, he cannot be joined as plaintiff with his copartner; but where such an action is brought into the Common Pleas by appeal from a magistrate, the assignee may be substituted.

In error from the Common Pleas of Union county.

*August* 1. Assumpsit by Horton against Tamany, late partners. The defendant, among other matters, pleaded the discharge of Tamany as a bankrupt before the commencement of the action before the justice, and contended on the trial that this was a fatal defect. The court refused to give the instruction, on the ground that being a partnership debt, the partners could recover in order to settle their partnership concerns, without interference by the assignee.

*Slenker*, for plaintiff in error, cited Bankrupt Act, sec. 3; 6 Johns. Ch. Rep. 285; 3 Kent, 58; Cary on Partnership, 279; 8 Term Rep. 140; 8 Term Rep. 39; 1 Johns. 120; 5 Johns. Ch. Rep. 7; 2 Term Rep. 282; 1 Chit. Pl. 16; 12 Mod. 446.

*Miller*, contrà.

PER CURIAM.—It is impossible to sustain this action as it was brought before the justice, and as it stood before the Common Pleas. The established forms of actions must be preserved; but the great ends of justice must not be dispensed with, and to allow them it is necessary for the court, in appeals from magistrates, to exercise an unlimited power of amendment in putting the proceedings into shape, and in arranging, adding, or substituting parties. The justices are unequal to this; and technical objections must give place to it.

The judgment is therefore reversed, and the record remitted with a *procedendo*, in order to have the bankrupt's assignee substituted for him as a party.