[Hackett v. Carnell.]

to accept a title the validity of which depended upon a presumption that a certain woman then of the age of seventy-five years would not have children, because the law would presume that the possibility of bearing children exists even where a woman has long passed the usual child-bearing period.

*John G. Johnson,* for appellees.

# Hackett *versus* Carnell.

106        291
28 SC *518

1. A recognizance of bail in a sum certain, taken upon an appeal to the Common Pleas by the defendant from the judgment of a magistrate, in a proceeding by a landlord to obtain possession of demised premises, conditioned " for the payment of all costs or rent that has accrued for said premises, and for all costs and rent that may hereafter accrue for said premises up to the final determination thereof, and that the defendants will prosecute their appeal with effect," is an instrument within the affidavit of defence law applicable to Philadelphia county.

2. Where such a recognizance is entered into, the statutes regulating amendments are to be deemed part of the contract, within the contem-

. plation of the parties, with the same effect as if they were embodied in the condition of the recognizance.

3. It is therefore no defence to an action on such a recognizance, that the Court of Common Pleas permitted the record to be amended by striking out the name of a party plaintiff in the original proceeding before the magistrate, and in the appeal.

April 9, 1884.   Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT and CLARK, JJ.   GREEN, J., absent.

· ERROR to the Court of Common Pleas No. 3, of *Philadelphia county :* Of January Term, 1884, No. 172:

This was an action of debt, brought July 30, 1883, by Mary Jane Hackett, executrix of Joseph Hackett, deceased, against David R. Carnell, upon the following instrument of writing, a copy of which was filed by the plaintiff:

Joseph Hackett and Mary Jane ⎫
        Hackett         ⎪  Before William H. List,
         *vs.*         ⎬  Magistrate of Court No. 5.
George W. Ward and William ⎪
        H. Hood.     ⎭

June 16, 1881, I hold myself indebted to the plaintiff in the sum of $150, conditioned for the payment of all costs or rent that has accrued for said premises, and for all costs and rent that may hereafter accrue for said premises up to the final determination thereof, and that the defendants will prosecute their appeal with effect.          DAVID R. CARNELL,
                                 433 Berks Street.

The following affidavit of defence was filed on behalf of the defendants :

William H. Hood, being duly sworn, deposes and says, that he is the agent of David R. Carnell, the defendant above named, and fully acquainted with the facts in this case, and that the said David R. Carnell is absent at Atlantic City. That the said David R. Carnell has a just and legal defence to the plaintiff's claim in this case, of the following nature and character, to wit :

1. Deponent is advised and suggests that the recognizance, a copy of which is filed, is not such an instrument as entitles the plaintiff to judgment for want of an affidavit of defence.

2. That during the progress and pendency of the case in court two payments were made on account of the claim.   One on October 11, 1881, of twenty-seven dollars, and the other on March 2, 1882, of thirty dollars, which, it is submitted on behalf of defendant, should, in event of a recovery, be credited on account of the $150, the amount of defendant's recognizance.

[Hackett v. Carnell.]

3. The original action in this case was brought before Magistrate List, in the name of Joseph and Mary Jane Hackett, against Ward and Hood, to recover possession of certain premises at the north-west corner of Fifth and Berks streets, in the Nineteenth Ward of this city, for non-payment of rent, under Act of 1830, said suit being in right of the said Mary Jane Hackett, and she being then and now tenant for life of said premises, and the only party entitled to recover possession of same in such suit, and the recognizance of defendant was given to Joseph and Mary Jane Hackett in accordance with these facts, as appears by the copy filed. That on June 19, 1883, without the knowledge or consent of said defendant, the record was amended by striking out the name of Mary Jane Hackett. That said Joseph Hackett afterwards departed this life, and the writ in the present suit is sued out by her as the administratrix of said Joseph Hackett, deceased, as sole plaintiff, when, as it is submitted on behalf of defendant, said Joseph Hackett, as sole plaintiff, had no right to recover in said suit or on said recognizance. All of which is true, and deponent expects defendant will be able to prove on any trial of this cause.

The plaintiff took a rule to show cause why judgment should not be entered for want of a sufficient affidavit of defence, which rule the court discharged. The plaintiff then took this writ of error assigning for error the discharge of said rule.

*Thomas Greenbank*, for the plaintiff in error. — The first point raised in the affidavit of defence, that the recognizance is not such an instrument as entitles the plaintiff to judgment seems to have been settled in Baker v. Olwyne, 2 Miles, 404, which holds that an affidavit of defence is necessary in an action on a recognizance of bail in error. The payments claimed in the affidavit to have been made were credited by the jury, and the rent in arrear found to be still $200.

As to the amendment. — It appearing to the court that " Joseph Hackett " was the proper plaintiff, and that it was a mistake in the magistrate to have joined " Mary J. Hackett " as co-plaintiff, the court, under the statute, amended the suit by striking out her name from the record wherever it stood as co-plaintiff. The cause of action, and the parties essential to the action, remained the same. Otherwise the court would not have permitted the amendment, which is allowed only if the cause of action be not changed : Kaylor v. Shaffner, 24 Pa. St. 489. Mary J. Hackett was not a party to the cause of action, and naming her as co-plaintiff was a clerical mistake, surplusage, and not a material part of the record nor of the recognizance. So far back as Welch v. Chambers, 4 Yeates,

559, it was held that a recognizance of bail in error may be amended by striking out the name of the obligee and inserting another, to reach the merits. The Supreme Court will allow an amendment by introducing a new name, or striking out a name as plaintiff, after writ of error, in furtherance of the justice of the case, and yet no case is reported where ' it was claimed that such amendment discharged the bail in error. Especially on appeals from justices amendments are allowable. Yet if the bail on appeal is thereby discharged, the statutes of amendment are illusory.

(No counsel appeared, and no paper book was submitted on behalf of the defendant in error.)

Mr. Justice STERRETT delivered the opinion of the court, October 20, 1884.

It cannot be doubted that the recognizance in suit is such an instrument as entitles plaintiff to judgment for want of an affidavit of defence, and hence there is no merit in the first suggestion contained in defendant's affidavit; nor is there any merit in the averment that, pending the original proceeding in court, payments were made on account of the claim for rent. In the absence of any allegation to the contrary, the presumption is that the payments were duly credited and the verdict rendered for the residue. The record of the original proceeding shows a verdict and judgment thereon in favor of plaintiff for possession of the demised premises and $200 rent in arrear. No writ of error having been taken to that judgment, it is final and conclusive as to the amount of rent.

The only remaining ground of defence set up in the affidavit is, that defendant was released from liability as bail by the amendment allowed on trial of the original landlord and tenant proceeding commenced by Joseph and Mary J. Hackett against the parties for whom defendant in this suit became bail. After the case was removed by appeal to the Common Pleas, it was discovered that by mistake Mary J. Hackett had been improperly joined as co-plaintiff, and by leave of court the record was amended by striking out her name. The amendment was clearly authorized and properly allowed: Kaylor *v.* Shaffner, 12 Harris, 489; Schollenberger *v.* Seldonridge, 13 Wright, 83; Cochran *v.* Arnold, 8 P. F. Smith, 399; Wescott *v.* Edmunds, 18 Id., 34. Whenever it appears that a mistake has occurred, it is the duty of the court to correct it, taking care that the amendment be not used for the purpose of introducing a cause of action substantially different from that on which the suit was actually though informally brought.

The amendment in this case was clearly one of the legal

[Phila. Trust Co. *v.* Lippincott.]

incidents of trial which defendant is presumed to have contemplated when he became bail, and hence he cannot claim that he was thereby released from the liability he assumed. When a person becomes surety for another in a judicial proceeding, there is at least an implied understanding that it shall be conducted according to the established course of practice in such cases. The statutes regulating amendments, as well as other incidents of trial, are as much a part of the contract, in the contemplation of the parties thereto, as if they were embodied in the condition of the bond or recognizance: Jamieson *v.* Capron, 14 Norris, 15.

As the case now stands, the affidavit of defence is insufficient, and plaintiff is entitled to judgment for the amount claimed by her testator.

> Record remitted to the court below with direction to enter judgment against defendant for $150, the amount of his recognizance, with interest from July 30, 1883, the date of suit, unless other legal or equitable cause be shown to said court why such judgment should not be so entered.