RACHEL ANN LANGE ET AL., EXECUTORS, &c., OF JURGEN P. LANGE, DECEASED, PLAINTIFFS AND APPELLANTS, v. NEW YORK, SUSQUEHANNA AND WESTERN RAILROAD COMPANY, DEFENDANT AND RESPONDENT.

Argued June 22, 1916—Decided November 20, 1916.

1. One who, while riding in the private automobile of another, is injured by the negligence of a third party, may recover against the latter, notwithstanding that the negligence of the driver of the automobile contributes to the injury, where the person injured is without fault and had no authority over the driver.

2. If one injured by the negligence of a third party had no authority over the driver with whom he was riding, and was not negligent himself, and the relation of master and servant, or principal and agent, or mutual responsibility in a common enterprise did not exist, then the negligence of the driver cannot be imputed to him.

3. In an action to recover for the death of a person, while riding with another, through the negligence of a third party, it is not error justifying reversal for the trial judge to charge incidentally that "if decedent had no authority over the driver, and was not negligent himself, and the relation of master and servant, or principal and agent, or mutual responsibility in a common enterprise did not exist, then the negligence of the driver is not imputable to the decedent," even though there was no evidence of such relation, it appearing that the judge charged in effect that there was no such relation, and limited a finding of contributory negligence, if any, to want of reasonable care upon the part of the decedent himself.

4. If counsel conceives that a pertinent legal principle has been omitted by the judge in his charge, he should request the desired instruction.

On appeal from the Supreme Court.

For the appellants, *Warren Dixon* (*James F. Donnelly*, of the New York bar, on the brief).

For the respondent, *Collins & Corbin* (*Gilbert Collins* and *George S. Hobart* on the brief).

The opinion of the court was delivered by

TRENCHARD, J.    Jurgen P. Lange was killed at a grade crossing of the defendant's railroad as a result of a collision

between the defendant's train and the automobile in which Lange was riding. His executors brought this action to recover for his death. The evidence at the trial at the Passaic Circuit showed that the automobile in which the decedent was riding was owned and was being driven by the decedent's son who had invited his father to ride with him. The jury found a verdict in favor of the defendant company and the plaintiffs appeal from the consequent judgment.

The only ground of appeal argued is that the trial judge erred in his charge.

The exception to the charge was as follows:

"I desire to except to your honor's charge in which you stated the rule of the relationship existing with the boy Joseph, either of master and servant, or agent or engaged in a common enterprise. I think as a matter of law none of them existed."

We have not stopped to consider whether this exception presented to the trial judge with sufficient clearness the point of which counsel were complaining. We have examined the charge and find no error justifying reversal.

Incidentally upon the topic which seems to be in question the judge charged:

"One who while riding in the private conveyance of another is injured by the negligence of a third party, may recover against the latter, notwithstanding that the negligence of the driver of the conveyance in driving his auto contributed to the injury, where the person injured is without fault and has no authority over the driver."

He further charged:

"So you see, gentlemen, if the deceased, Mr. Lange, had no authority over the driver, and was not negligent himself, and the relation of master and servant or principal and agent or mutual responsibility in a common enterprise did not exist, then it does not make any difference how negligent the boy was, and that negligence could not be imputed to the father."

Both of these instructions were correct in law. *Mittels-*

*dorfer* v. *West Jersey and Seashore Railroad Co.,* 77 *N. J. L.* 698.

But counsel for the plaintiffs argue that it was erroneous to so charge because, as they contend, there was no evidence that the relation of master and servant or principal and agent or mutual responsibility in a common enterprise existed between the driver and the decedent. We should hesitate before saying as a matter of law that there was no evidence from which a legitimate inference of such relation could be drawn. But we think a sufficient answer is that, if such charge was erroneous at all, no substantial right of the plaintiffs was injuriously affected thereby. It seems that the judge charged in effect that there was no such relation, and refrained from submitting that question to the jury. After referring to the evidence that the son owned the car, that he drove it, that he chose the route they took, the judge charged that "the fact that the deceased was a guest did not relieve him from exercising ordinary care." He then referred to the evidence tending to show want of reasonable care upon the part of the decedent himself upon which his contributory negligence depended. In the last analysis (leaving out of account the question of damages) the trial judge left to the jury two questions, and only two— *first,* whether the defendant exercised the care which the law cast upon it; *secondly,* whether negligence of the decedent himself contributed to the injury. Manifestly the jury was not misled.

The plaintiffs also contend that the trial judge should have instructed the jury as to when in law the relation of master and servant, principal and agent, and mutual responsibility in a common enterprise, would arise.

But if counsel conceived that a pertinent proposition of law had been omitted they should have requested the desired instruction (*Newark Passenger Railway Co.* v. *Block,* 55 *N. J. L.* 605), and that they did not do. They submitted no requests.

The judgment below will be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, WILLIAMS, TAYLOR, GARDNER, JJ. 13.

*For reversal*—None.