# Bell *v.* Jacobs, Appellant.

*Negligence—Automobile—Motorcycle—Head-on collision — Car driven by repairman—Owner in car—Owner's liability—Presumption—Rule of road—Passing to right—Ordinance—Act of July 7, 1913, P. L. 672—Points assuming existence of disputed facts—Conflicting evidence—Contributory negligence—Case for jury.*

1. Each driver of approaching vehicles has the right to assume that the other will use due care.

2. There is a presumption that an owner present in his car has power to control it.

3. The owner of a car is not relieved of responsibility for its management merely because he is not personally at the wheel, where another is acting as driver with his permission, especially where the owner tacitly assents to the manner in which the car is driven.

4. One may not drive recklessly or with undue speed even on his own side of the street and does not necessarily escape liability for an accident because he was on the proper side.

5. A city ordinance requiring vehicles to keep to the right of the centre of the street in the direction in which they are going is not per se evidence of negligence but may properly be considered in connection with the evidence in the case.

6. The Act of July 7, 1913, P. L. 672, requiring the driver of a motor vehicle, when overtaken, to turn reasonably to the right of the centre of the highway allowing the other vehicle free passage to the left, does not change the rule of the road, or conflict with an ordinance requiring approaching vehicles to pass to the right.

7. A regulation requiring vehicles to keep to the right of the centre of the street may be practicable in cities but not in country districts, while the rule of turning out to the right applies to both.

8. A request for charge which assumes the existence of disputed facts cannot be granted.

9. In the trial of an action for damages arising from a collision between two vehicles where the evidence was conflicting as to whether plaintiff was on his right side of street at the time of the collision, and as to which vehicle ran into the other, points assuming the existence of either contention were properly refused.

10. In an action to recover for death of plaintiff's husband, a motorcycle driver, resulting from a head-on collision with an automobile while the former was ascending a steep grade after passing through a subway under a railroad track, the case was for the jury and a verdict and judgment for the plaintiff will be sustained where the evidence was conflicting as to the respective speeds of the two vehicles, and as to whether deceased and defendant were on their respective right sides of the road; and it appeared that the collision occurred in daytime after deceased and defendant had been in view of each other for over 300 feet; and that at the time of the collision a repairman, who was to make repairs to the automobile, was driving it to see what repairs were needed, and that the owner sat beside him but made no request or suggestion as to the driving of the car.

206        BELL v. JACOBS, Appellant.

Argued March 5, 1918. Appeal, No. 39, Jan. T., 1918, by defendant, from judgment of C. P. Berks Co., Nov. T., 1916, No. 30, on verdict for plaintiff in case of Mattie M. Bell v. William R. Jacobs. Before BROWN, C. J., POTTER, MOSCHZISKER, FRAZER and WALLING, JJ. Affirmed.

Trespass to recover damages for death of plaintiff's husband. Before ENDLICH, P. J.

The facts appear in the opinion of the Supreme Court.

Verdict for plaintiff for $5,000 and judgment thereon. Defendant appealed.

*Errors assigned,* among others, were various rulings on evidence, the refusal of defendant's points for charge and the refusal of defendant's motion for judgment non obstante veredicto.

*Cyrus G. Derr,* with him *Oliver M. Wolff,* for appellant. —Defendant was entitled to binding instructions: Benton v. Philadelphia, 198 Pa. 396.

The trial judge erred in admitting in evidence the city ordinance providing that all vehicles shall keep to the right of the centre of the street in the direction in which they are going: Brooks v. Thomas, 17 Philadelphia 45.

*William Kerper Stevens,* for appellee.—A point for charge assuming a fact in dispute cannot be affirmed: Brunner v. American Telegraph & Telephone Co., 151 Pa. 447.

Even though deceased saw or is presumed to have seen the automobile on the wrong side of the road, he would be justified in presuming that the defendant would obey the rule of the road and get to the proper side: Foote v. American Product Company, 195 Pa. 190.

In all cases where the owner of an automobile is present he will be responsible for injuries sustained by third persons unless the operator disobeyed instructions, as the owner is, in law, in control of the vehicle: Crawford v. McElhinney, 154 N. W. Repr. 310.

OPINION BY MR. JUSTICE WALLING, April 22, 1918:

This is an action of trespass for alleged negligence resulting in the death of plaintiff's husband. Spring street extends through the City of Reading in an easterly and westerly direction and passes under the tracks of the Philadelphia & Reading Railway by a rightangle subway. The paved roadway of the street is of the width of forty-two feet and descends sharply to the east as you approach the subway from the west. On May 20, 1916, plaintiff's husband rode his motorcycle west on this street, and, after passing through the subway, met defendant's automobile coming down the grade and the vehicles collided, causing the death of Mr. Bell. The evidence was conflicting; that for plaintiff tended to show that the automobile was moving at high speed and on the left or north side of the street, and that the deceased was driving carefully and kept to his right according to the rule of the road. Evidence for defendant (appellant) was to the effect that his car was moving at moderate speed and on the right side of the road and that the deceased came at high speed, with his head down and moving in a zigzag course, and ran into defendant's car on the south side of the street after it had come to a stop. Under the charge of the court, the verdict established the truth of plaintiff's contention. It was in the daytime and the vehicles were in plain sight of each other for over three hundred feet, so the collision could not be termed unavoidable; but whether it resulted from the fault of the deceased or of the defendant or of both depended upon conflicting evidence and was for the jury. Each had the right to assume that the other would use due care; and it could not be declared as a matter of law that the deceased was, or that the defendant was not, guilty of negligence. Defendant had secured Mr. Fink, an expert workman, to make some repairs to the automobile, and, before leaving it at the repair shop, they were taking it for a drive to see what was needed. Fink was acting as chauffeur and defendant sat beside him, but made no request or suggestion as

to the driving of the car. It was defendant's car and he acquiesced in what Fink, who was acting for him, did, and cannot be excused because he was not personally at the wheel. A man out riding in his car is not relieved from responsibility for its management because, with his permission, another is acting as driver; and this is especially so where the owner tacitly assents to the manner in which the car is driven. There is a presumption, not here rebutted, that an owner present in his car has power to control it.

There were other elements of negligence charged, aside from being on the wrong side of the street; hence, the trial judge properly refused to charge that the verdict must be for the defendant if the jury believed he was on the south (right) side of the street at the time of the accident. One may not drive recklessly or with undue speed even on his own side of the street, nor necessarily escape liability for an accident because of that fact. It is quite possible that defendant came down on the north side of the street and turned to the south side too late to avoid the accident.

It was a controverted question which vehicle collided with the other, therefore the points which assumed that the motorcycle ran into the automobile were properly declined. A request which assumes the existence of disputed facts cannot be granted.

The city ordinance requiring all vehicles to keep to the right of the center of the street in the direction in which they are going was properly admitted in evidence. While such ordinance is not per se evidence of negligence it may be considered in connection with the evidence in the case: Foote v. American Product Company, 195 Pa. 190; Lederman et ux. v. Penna. R. R., 165 Pa. 118. Section 13 of the Act of July 7, 1913, P. L. 672, requiring the driver of a motor vehicle, when overtaken, to turn reasonably to the right of the center of the highway allowing the other vehicle free passage to the left, does not change the rule of the road, nor conflict with the ordinance in question.

A regulation requiring vehicles to keep to the right of the center of the street may be practicable in cities but not in country districts, while the rule of turning out to the right applies to both.

We will not review the action of the court below in refusing a new trial, except in case of manifest abuse of discretion.

The assignments of error are overruled and the judgment is affirmed.