## Leonard, Appellant, v. Houston.

220

Argued May 1, 1935.

Before KELLER, P. J., CUN-
NINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and
RHODES, JJ.

*William S. Doty,* with him *Thomas A. Thornton,* of
*Doty & Thornton,* and *Ira R. Hill,* for appellant.

*A. W. Henderson,* with him *Fred C. Houston,* for
appellee.

PER CURIAM, July 18, 1935:

The plaintiff obtained a verdict in an action of assumpsit. The defendant filed a motion for a new trial, assigning five specific errors on the trial, in addition to the stereotyped reasons that the verdict was against the evidence and the weight of the evidence.

Subsequently one of the jurors came to the trial judge and told him how the verdict had been agreed upon, in such way as to lead the judge to believe that the verdict

had not been properly arrived at and was not conscionable; and on that ground alone, after notice to counsel, a new trial was granted. The court did not pass on any of the alleged errors specified as ground for a new trial.

It is, of course, the general rule that the testimony of a juror will not be received to impeach or set aside a verdict; and after-trial conversations between judge and juror affecting the verdict are not to be encouraged. But this does not prevent a judge if he is satisfied in his own mind that a verdict is unjust or unconscionable, from granting a new trial.

It is the settled rule of the appellate courts of this State that an order granting a new trial will not be reversed unless a palpable abuse of discretion on the part of the trial judge is disclosed, or unless an erroneous rule of law, which, in the circumstances, necessarily controls the outcome of the case is certified by the trial judge as the sole reason for his action: Marko v. Mendelowski, 313 Pa. 46, 169 A. 99; Class & Nachod Brewing Co. v. Giacobello, 277 Pa. 530, 121 A. 333. The reason advanced must not only be erroneous in law, but it must appear that the court would have refused the new trial except for the reason stated: Schroeder v. Gulf Refining Co. (No. 2), 300 Pa. 405, 409, 150 A. 665; that the erroneous ground relied on was not only the sole reason for granting a new trial, but also that the new trial would not otherwise have been granted: Baldus v. Jeremias, 296 Pa. 313, 145 A. 820. No such certificate appears here. The court distinctly states that it has not considered the reasons presented by the defendant as grounds for a new trial. On such consideration, irrespective of the cogency or merit of the reason adopted, the court might deem them, or some of them, sufficient to justify a new trial. We will not, in such circumstances, set aside the action of the court below.

The appeal is dismissed.