## Spegele, Appellant, v. Blumfield.

232

Argued October 10, 1935. 

Before KELLER, P. J., BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Samuel M. Sharkis,* for appellant.

*G. A. Troutman,* of *Wesley, Wagoner, Troutman & McWilliams,* for appellee.

OPINION BY JAMES, J., December 18, 1935:
Appellant obtained a verdict in the court below for

personal injuries suffered in a collision with defendant's automobile while riding in appellant's automobile driven by his son. In its opinion granting a new trial, from which order this appeal was taken, the court stated that, "the trial judge erred in refusing to instruct the jury as a rule of law that under such conditions negligence of the son, if he was negligent, was the negligence of the father. Because of this error and without considering the rule in cases of joint enterprise, also urged by the defendant, a new trial was granted."

It is a settled rule of the appellate courts of this state that an order granting a new trial will not be reversed unless a palpable abuse of discretion on the part of the trial judge is disclosed, or unless an erroneous rule of law which in the circumstances necessarily controls the outcome of the case is certified by the trial judge as the sole reason for his action and the reason advanced must not only be erroneous in law but it must appear that the court would have refused the new trial except for the reason stated: Leonard v. Houston, 118 Pa. Superior Ct. 219, 180 A. 100. Applying this rule to the action of the court below, we cannot set aside the order granting the new trial, but we are further convinced that the reason assigned for the granting of the new trial under the facts of the present case was not an erroneous application of a rule of law.

Plaintiff (owner of the automobile) had ridden in the car with his son as the driver from his home to a church entertainment and was riding in the right rear seat on his return to his home, accompanied by a guest, with his son as the driver when the accident happened. Both the testimony of the son and the father establish that the car was driven by the son with the permission of the father.

In order that liability be attached against the owner for the negligent operation of an automobile, the legal

status of master and servant or principal and agent must exist. The mere relationship of father and son does not of itself establish such a status and further facts must be shown to establish liability. Under the circumstances of this case where the plaintiff was the owner of the automobile which was being driven with his permission by his son, it must be presumed that the car and the driver were under the control of the owner as fully as if the driver was a paid servant. The car was being driven for the convenience and for the purposes of the owner and because it also served for the convenience of the son and the other passenger did not relieve the owner of his responsibility. "A man out riding in his car is not relieved from responsibility for its management because, with his permission, another is acting as driver; and this is especially so where the owner tacitly assents to the manner in which the car is driven. There is a presumption,......that an owner present in his car has power to control it": Bell v. Jacobs, 261 Pa. 204, 208, 104 A. 587. Among the earlier cases in our state, Strohl v. Levan, 39 Pa. 177, it was held that the father, owner of the team driven by the son with whom the father was riding at the time, was liable for the negligent management of the team. The court said: "Here the son was driving, and the father, the defendant, was riding. The latter made no objection or endeavour to control his son, and if he did not, it was a presumption which a jury might well make, which I think they were bound to make, that he assented to what was done in the management of the instrument (the team) which did the injury, and therefore per consequence, was answerable, provided the result was not an unavoidable accident ......" Applying this reasoning we see no distinction between the driving of a team and the operation of an automobile and if the owner is present, having, though not actually exercising, the unrestricted right of direction and con-

trol, he is liable for its negligent operation. Appellant has cited three cases from other jurisdictions as directly deciding this question which upon analysis are not in point. In the case of Zeeb v. Bohnmaier, 103 Kansas 599, 176 Pac. 326 (1918), the son was accustomed to use his father's car and on the day of the accident had invited his parents to accompany him to church; in Lange v. N. Y. S. & W. R. Co., 89 N. J. L. 604, 99 A. 346 (1916) the car in which decedent was killed was owned and operated by decedent's son, who had invited his father to ride with him; and in Bryant v. Pa. Elec. Rwy., 174 Cal. 737, 164 Pac. 385 (1917), the auto in which plaintiff was riding, driven by plaintiff's son, was owned by a corporation in which plaintiff and his wife and son held controlling interest, the car had been used to make delivery for the corporation and on the return home the accident happened.

Order affirmed.