## Widson, Appellant, *v.* Philadelphia Rapid Transit Company.

Argued October 18, 1935.

Before KELLER, P. J., BALDRIGE, STADTFELD, JAMES and RHODES, JJ.

*Joseph H. Lieberman,* for appellant.

*Jay B. Leopold,* with him *Bernard J. O'Connell,* for appellee.

PER CURIAM, January 31, 1936:

Appeals from orders granting a new trial are not encouraged. The Supreme Court has ruled—and this Court has consistently followed the rule—that it will not review an order granting a new trial unless the court below states *that it would have refused to grant the new trial but for reasons distinctly set forth,* and then it will confine its review to the reasons so stated: Class & Nachod Brewing Co. v. Giacobello, 277 Pa. 530, 538, 121 A. 333. And on page 537 of that case, the court said: "Furthermore, the authorities indicate that because the opinion of the trial court refers to only one question, or a single point in the case, this fact will not be treated by us as conclusive proof that the point or question thus accentuated controlled the entry of the order appealed from; and before we will proceed to a review, it must appear that testimony is not to be passed upon by us . . . . . . unless purely as to its legal effect in some isolated and all-controlling particular wherein its verity is admitted . . . . . ."

We said, on this point, in Leonard v. Houston, 118 Pa. Superior Ct. 219, 221, 180 A. 100, "It is the settled rule of the appellate courts of this State that an order granting a new trial will not be reversed unless a palpable abuse of discretion on the part of the trial judge is disclosed, or unless an erroneous rule of law, which, in the circumstances, necessarily controls the outcome of the case is certified by the trial judge as the sole reason for his action: Marko v. Mendelowski, 313 Pa. 46, 169 A. 99; Class & Nachod Brewing Co. v. Giacobello, 277 Pa. 530, 121 A. 333. The reason advanced must not only be erroneous in law, but it must appear that the court would have refused the new trial except for the reason stated: Schroeder v. Gulf Refining Co. (No. 2), 300 Pa. 405, 409, 150 A. 665; that the erroneous ground relied on was not only the sole reason for granting a new trial, but also that the new trial would not

otherwise have been granted: Baldus v. Jeremias, 296 Pa. 313, 145 A. 820. In Straus v. Rahn, 319 Pa. 93, 96, 179 A. 445, the latest case which discusses the matter, the Supreme Court said: "Experience has established the wisdom of these conclusions; and hence we have repeatedly required appellant, in this class of cases, where the record presented to us did not with certainty base the decision of the court below upon such a single point, to obtain from the trial judge and file in this court a certificate expressly stating that, but for this one point, he would not have granted a new trial, as a condition precedent to even an argument of such an assignment of error here. In the present case, the record does not so state, nor is there a certificate so asserting."

The same thing may be said in this case. While the opinion granting the new trial shows that the court felt that certain conflicting statements in the plaintiff's testimony at the several trials should have been called to the jury's attention it does not state that this was the sole reason for granting a new trial and that except for it a new trial would not have been granted. On the contrary the trial judge, in writing the opinion, declared that a new trial was ordered in the "exercise of the inherent power and discretion of the court."

Order affirmed.