## Larimer et al., Trustee, *v.* Cambria County, Appellant.

Argued April 19, 1937.

Before Keller, P. J., Cunningham, Baldrige,

STADTFELD, PARKER, JAMES and RHODES, JJ.

*George M. Spence,* for appellant.

*Paul D. Larimer,* for appellee, was not heard.

PER CURIAM, April 26, 1937:

The three judges of the court below sitting in banc, were all of the opinion that the verdict of the jury was so inadequate in amount as to call for a new trial. A new trial was accordingly ordered on that ground. This was a matter peculiarly within the discretion of the court below, which an appellate court will not review unless a palpable abuse of power appears: *Class & Nachod Brewing Co. v. Giacobello,* 277 Pa. 530, 121 A. 333; *Haltzel v. Printz,* 267 Pa. 156, 110 A. 161; *Dougherty v. Andrews,* 202 Pa. 633, 52 A. 47; *Cooper v. Metropolitan Life Ins. Co.,* 323 Pa. 295, 304, 186 A. 125; *Leonard v. Houston,* 118 Pa. Superior Ct. 219, 221, 180 A. 100. We find no such abuse of power or discretion here present.

Their right to grant a new trial because of the inadequacy of the verdict was not affected by the fact that the verdict was greater in amount than the figures testified to by defendant's witnesses. It was also very much less than those given by plaintiffs' witnesses, and in the opinion of the court was so inadequate as to require a new trial.

To reverse the trial court in such circumstances would require us to find that their action was a plain

and palpable error of law as applied to the facts of the case: *Danboro & Plumsteadville Turnpike Road Co. v. Bucks County,* 258 Pa. 391, 395, 102 A. 171. This we cannot do.

The order is affirmed.