Mirabella *v*. Metropolitan Life Insurance Company, Appellant.

Argued October 3, 1940.

Before Keller, P. J., Cunningham, Baldrige, Parker, Rhodes, and Hirt, JJ.

*Owen B. Rhoads,* with him *Dechert, Smith & Clark* and *Harry Cole Bates,* for appellant.

*James I. McCormick,* with him *Vincent A. Carroll,* for appellee.

Opinion by Keller, P. J., February 28, 1941:

This was an action of assumpsit brought by Gaetano Mirabella against Metropolitan Life Insurance Company on a group insurance contract, insuring its own employees. A certificate—No. 11784—was issued to him under Group Contract No. 50, entitling him to certain benefits by way of (a) Life Insurance, (b) Temporary Disability Insurance, (c) Total and Permanent Disability Insurance, and (d) Retirement Annuity. The claim here involved is concerned with the third clause (c), which reads as follows:

"(c) TOTAL AND PERMANENT DISABILITY INSURANCE, benefits under which are payable monthly while the Employee is totally and permanently disabled, as a result of bodily injury or disease, so as to be prevented thereby from engaging in any occupation or performing any work for wage or profit, and provided such disability has already continued for a period of at least *fifty-three (53)* weeks and provided that the Employee had completed five years of service on the date of the commencement of such disability. The total and permanent disability benefit will cease in any event on the normal retirement date or optional retirement date, whichever is earlier."

The plaintiff, in his statement of claim, averred that he had become ill on or about May 17, 1932 and that as a result thereof he was wholly and continuously disabled so as to be prevented from performing the duties of his position as agent for the defendant company. In consequence of which the defendant remitted to him weekly benefits of $30 for fifty-three weeks, as provided in clause (b); and that on or about May 24, 1933 he submitted proofs of total and permanent disability as defined in clause (c) above and made claim for the benefits in such case provided by the policy; that the defendant thereupon paid him monthly benefits of $50, as provided in said policy up to and including March 24,

1936; but neglected and refused to pay said benefits on and after April 24, 1936, and by reason thereof there was due and owing him by defendant said monthly benefit of $50 from April 24, 1936 to April 24, 1939, the date of bringing suit, together with interest from the respective dates they should have been paid. The defendant filed an affidavit of defense denying that the plaintiff "was totally and permanently disabled" within the meaning of the clause of the contract relied upon, and averring that he had "never suffered from any disease, deformity or pathology which prevented him from engaging in work for compensation or profit or from performing the duties of his ordinary occupation."

The case came to trial before a judge and jury. At the close of the plaintiff's case—the defendant offered no testimony—the court gave binding instructions in favor of the defendant, on the ground that the plaintiff had "failed to show by sufficiently competent evidence that he is totally disabled from following any employment."

The plaintiff filed a motion for a new trial setting forth alleged errors by the trial judge in his rulings on evidence—Nos. 1 to 10 inclusive—and in affirming defendant's point for binding instructions (11) and directing a verdict for the defendant (12).

The court in banc granted a new trial, and on January 22, 1940 filed a four page opinion reviewing the case, the gist of it being that the evidence, which was almost wholly oral, warranted the submission of the case to the jury, with which conclusion we agree. Defendant appealed to this court.

On January 29, 1940, "The Trial Court" filed the following certificate:

"And Now, this 29th day of January, 1940, it is hereby certified that the reasons discussed in the opinion filed on January 22, 1940 in the above-entitled case are the only reasons which moved this Court to

make the order complained of by Defendant on its present appeal in this case."

We need not discuss at length whether this certificate so conforms with the ruling of the Supreme Court in *Class & Nachod Brewing Co. v. Giacobello*, 277 Pa. 530, 538, 121 A. 333, on the subject of appeals from orders granting new trials, as to make the action of the court below reviewable by us. That ruling is as follows: "It may be stated generally, therefore, that this court will not review an order granting a new trial, unless the whole controversy may be ended by a determination of the constitutionality, applicability, construction or effect of a statute, or other matter of writing, which, so far as the case in hand is concerned, could not possibly be controlled or affected by evidence aliunde the writing itself, and in such instances the record must not only plainly show the point in question but its governing force; or, unless it clearly appears the court below, in ordering the new trial, either asserted a power which, under the attending circumstances, it did not possess or its action was controlled by a point of law, the decision of which, one way or the other, would govern the case, to the exclusion of all other considerations; or, unless the court states it would have refused to grant the new trial but for reasons distinctly set forth, which, in its opinion, control the whole case, and then we will review the reasons given only when they do not involve the consideration of oral evidence further than as noted in the preceding paragraph; finally, whenever the reason or reasons assigned involve the exercise of discretion, the order of the trial court will not be interfered with unless a palpable abuse of power appears." We call attention, however, to the fact that the lower court in its certificate did not state that "it would have refused to grant the new trial but for reasons distinctly set forth, which, in its opinion, control the whole case" (*Widson v. Phila. R. T. Co.*, 120 Pa. Superior Ct. 350, 182 A. 757);

and in addition the reasons given in the opinion for granting the new trial do "involve the consideration of oral evidence" which, in our opinion, was for the jury.

But an insuperable obstacle, in our view, to our holding the order granting a new trial to be reversible error is the fact that the trial judge's rulings on evidence in a number of material matters were erroneous and were of such weight and importance as to *require* the granting of a new trial by us if the court in banc below had refused to order it.

For example, (1) the plaintiff was a competent witness to testify as to his physical condition and his inability to work (Record p. 32a—Reason 1) : *Amrovcik v. Metropolitan Life Ins. Co.*, 119 Pa. Superior Ct. 176, 181, 180 A. 727 and cases there cited; *Losnecki v. Mutual Life Ins. Co.*, 106 Pa. Superior Ct. 259, 264, 161 A. 434. (2) Dr. Imperiale should have been allowed to testify as to plaintiff's statements to him respecting his condition and symptoms (Record p. 41a—Reason 2) : *Roberts v. Pitt Pub. Co.*, 330 Pa. 44, 198 A. 668; *Gosser v. Ohio Valley Water Co.*, 244 Pa. 59, 63, 90 A. 540. (3) Evidence that plaintiff was unable to perform his duties as an *insurance agent* was admissible, *as a step in his proof* that he was so totally and permanently disabled, as to be prevented from engaging in any occupation or performing any work for wage or profit (Record pp. 88a, 90a, Reasons 3 & 5) ; and the test of ability to engage in work for a living is not some fanciful or imaginary occupation conjured up for the occasion, and in which there is no likelihood of any one employing him, such as "For instance, if he were in a factory, he could sit in a corner and keep check on work done. *That would be within the limit.* He could sit in an insurance office and keep check on things that come and go" (p. 95a). See *Cooper v. Metropolitan Life Ins. Co.*, 317 Pa. 405, 408, 177 A. 43; *Cooper v. Metropolitan Life Ins. Co.*, 323 Pa. 295, 186 A. 125; *Sebastianelli v. Prudential Ins. Co.*, 337 Pa. 466, 469,

12 A. 2d 113; and *Cantor v. Metropolitan Life Ins. Co.*, 108 Pa. Superior Ct. 1, 6, 164 A. 145, where the term was defined to mean: "Such disability as will prevent the insured from engaging in and carrying on any gainful business or occupation and himself performing a substantial or essential part of the work incident thereto"; approved in 317 Pa. 405, 409, 177 A. 43. (4) The court should have admitted the testimony of Dr. Imperiale as to the plaintiff's condition from *April 13, 1937* to the date of the writ (April 24, 1939) (Record pp. 97a, 98a, Reason 9), and even down to the date of trial *(Sebastianelli v. Prudential Ins. Co.*, 337 Pa. 466, 468, 12 A. 2d 113). Otherwise no physician could testify as to the insured's condition who had not examined him at or prior to the date when he made claim. (5) The plaintiff should have been allowed to prove that the defendant company had paid him benefits for total and permanent disability, growing out of the same continuous illness, from May 24, 1933 to March 24, 1936, (Record p. 99a, Reason 10); and this, not as *concluding the defendant,* but as evidence that after examination and investigation it had found him to be totally and permanently disabled, subject, however, to the right subsequently to arrive at a different conclusion, if the facts warranted it.

Furthermore, the fact that the plaintiff had a baffling disease, which the doctors were not able to diagnose with certainty, and therefore were unable or unwilling to express a positive opinion as to whether the disability would be permanent, would not prevent a recovery by the plaintiff. If the jury should find from the evidence that he has been totally disabled from engaging in any occupation or performing any work for wage or profit—that is, from performing the duties of any occupation, which he might be ordinarily capable of performing, or from engaging in or carrying on any gainful business or occupation and himself performing an effective part of the work incident thereto,

from March 24, 1936 down to the time of trial, without any apparent improvement, it would have the right to conclude that it was "reasonably *likely* to endure for the remainder of his life" (*Pearlman v. Metropolitan Life Ins. Co.*, 336 Pa. 444, 451, 9 A. 2d 432) and, therefore, to find that his disability is permanent—especially so, in view of a test of permanency in the certificate itself, to wit, that it has continued for a period of fifty-three weeks and still continues.

We are, therefore, of opinion that as errors were committed on the trial of the case which would require us to order a new trial, if the court below had not done so, the order of that court granting a new trial should be affirmed.

Order **affirmed.**