## Gourley, Admrx., Appellant, v. Boyle.

Argued December 2, 1942. Before SCHAFFER, C. J.; MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*Stuart A. Culbertson,* for appellant.

*Fred C. Kiebort,* with him *E. Lowry Humes,* of *Humes & Kiebort,* for appellee.

Per Curiam, January 4, 1943:

Plaintiff appeals from judgment n. o. v. in an action for damages resulting from collision of two automobiles, during daytime, at a right angle highway intersection in Crawford County. The roads had gravel surfaces and are described by the surveyor who made the map in evidence as approximately 28 feet wide from ditch to ditch; the intersection therefore was a square not larger than 28 by 28 feet. The opinion of the learned court adequately states the reasons requiring the judgment; we need only indicate why it must be affirmed. Plaintiff (succeeded on the record by his administratrix) occupied the front seat of his car driven by his son but on his business, as it, travelling northward, approached the cross-road on which defendant was travelling westward. The son testified that at forty feet from the intersection he had a view to his right, the direction from which defendant came, of ". . . 150 feet or a little better" and that when "maybe twenty-five or thirty feet" from the southern line, he looked to the right and entered the intersection going "between twenty and twenty-five miles an hour" and, as he did so, saw defendant's car ". . . about seventy-five feet or a hundred" feet away approaching ". . . round forty or forty-five miles an hour" which defendant increased to "fifty-five to sixty" miles. The cars collided before the rear of plaintiff's car passed the "center of the road", that is, before it crossed half the road. Plaintiff's son increased his speed "by stepping on the gas when I came into the intersection and noticed the car was coming." It was for the court to say that such driving was not that of a prudent man: cf. *Brayman v. DeWolf,* 97 Pa. Superior Ct. 225; *Stevens v. Allcutt,* 320 Pa. 585, 184 A. 85. The son's contributory negligence bars recovery by the father: *Bell v. Jacobs,* 261 Pa. 204, 104 A. 587; *Spegele v. Blumfield,* 120 Pa. Superior Ct. 231, 182 A. 149; 2 Restatement, Torts, section 485.

Judgment affirmed.