## Bashline et al. v. Roha et ux.

*McGill & McGill,* and *George C. Magee, Jr.,* for plaintiffs.

*Leland J. Culbertson,* for defendants.

MOOK, P. J., July 24, 1948.—Plaintiffs in the above-captioned case sued defendant, James Roha, before Alderman N. Allen Love of the City of Titusville for damages arising from an automobile accident wherein the automobile of plaintiff William Rex Bashline, was struck by the automobile of defendant James Roha.

Defendant did not appear at the hearing and the alderman, after hearing the testimony of plaintiff, Bashline, entered judgment for both plaintiffs in the sum of $278.47 on October 6, 1947.

On October 18, 1947, defendant James Roha filed an affidavit appeal before the alderman and on October 27, 1947, the transcript of appeal was duly filed in the common pleas court of this county.

According to the transcript, the action was "in assumpsit, in a plea of debt or demand, arising from trespass vi et armis", which is an anomaly, but no question has been raised concerning the form of action.

Although the record does not show that notice was given of the filing of the appeal as required by our rule of court (rule 9, sec. 2), plaintiff nonetheless, on November 6, 1947, filed a complaint entitled "William R. Bashline, Plaintiff, v. James Roha, Defendant." On November 24, 1947, defendant filed preliminary objections in the form of a petition for a more specific complaint and the court entered the following order:

"And now, November 24, 1947, upon consideration of the foregoing petition and upon motion of Leland

J. Culbertson, attorney for defendant, James Roha, the court grants a rule on the plaintiff to appear and show cause why he should not file a more specific plaintiff's complaint, all proceedings to stay in the meantime. Returnable sec. reg.

"Per Curiam,
O. Clare Kent, P. J."

Before this rule was disposed of by the court, plaintiffs, on January 9, 1948, filed an amended complaint captioned "William Rex Bashline, and Insurance Company of North America, a corporation, Plaintiffs, v. James Roha, Defendant." So far as we can determine this amended complaint was filed without consent of defendant or by leave of court as required in Pa. R. C. P. 1033, the amendment not having been filed within 10 days as permitted in rule 1028 (c).

At the hearing before the magistrate, as appears by his transcript, it was alleged, and in the complaint and amended complaint it was averred, that defendant James Roha was driving the automobile which collided with plaintiff Bashline's car.

Thereafter, on February 4, 1948, plaintiffs filed a second amended complaint, this one being captioned "William Rex Bashline, and Insurance Company of North America, a corporation, Plaintiffs, v. James Roha and Velma Roha, Defendants." In this complaint it was alleged that "Velma Roha, wife of James Roha, was driving an automobile accompanied by the owner thereof, James Roha, codefendant herein."

On March 1, 1948, counsel for defendant James Roha filed a special appearance for Velma Roha, and on the same day filed a petition for leave to file preliminary objections to the second amended complaint on the ground that it seeks to add the additional name of Velma Roha as a party defendant without process on the new party; that the case being an appeal from a judgment of an alderman, it cannot be enlarged upon

by the addition of a new party to the record. We granted a rule to show cause why the amended complaint should not be stricken off as to Velma Roha.

On the same day, to wit, March 1, 1948, counsel for defendant, James Roha, filed preliminary objections to the second amended complaint on the grounds,

"1. That the complaint was filed without agreement of counsel or leave of court.

"2. That the complaint alleges facts which make it apparent that the alderman had no jurisdiction of the case (i.e., that the action was trespass on the case rather than trespass vi et armis)."

All preliminary objections may now, and we think should be, included in the same pleading. However, since both were filed at the same time we granted a rule to show cause on these objections also, and we will dispose of the same together.

## I.

It is first objected that the amended complaint was filed without consent of defendant or leave of court.

In relation to amendments, Pa. R. C. P. 1028(c) provides:

"(c) A party may file an amended pleading as of course within ten (10) days after service of a copy of preliminary objections. The court shall determine promptly all preliminary objections. If an issue of fact is raised, the court shall take evidence by depositions or otherwise."

Pa. R. C. P. 1033 provides:

"A party, either by filed consent of the adverse party or by leave of court, may at any time change the form of action, correct the name of a party or amend his pleading. The amended pleading may aver transactions or occurrences which have happened before or after the filing of the original pleading, even though they give rise to a new cause of action or defense. An

amendment may be made to conform the pleading to the evidence offered or admitted."

It had previously been held that under section 21 of the Practice Act an amendment could not be filed without leave of court.

However, our Rule 8 of the Rules of Practice of the Court of Common Pleas of Crawford County provides:

"Section 1. Amendments Before Trial. Either party to a cause may, at any time before the trial list is closed, amend his pleadings, as of course. If the adverse party objects to the amended pleadings, he shall within five days after service of the notice hereinafter required, move to strike off the amended pleadings, stating his reasons therefor, and such motion shall be entered immediately upon the argument list."

The notes to this section state that the purpose of this is to grant the leave of court (theretofore required to amend).

In Goodrich-Amram, page 127, under Discussion of Amendment to the Complaint, we find the following:

"In the absence of consent, there must be 'leave of court'. Rule 1033 does not provide how this leave of court is to be obtained. In the absence of local rules fixing the practice, the prior practice of petition and rule should be continued."

However, our local rule above set forth appears to fix the practice in this county, hence we must conclude that the effect of the rule is to still grant the permission of the court to amend any pleading before the trial list is closed under the conditions therein set forth.

## II.

Defendant next objects that the second amended complaint adds a new party defendant without process on the new party and that since this proceeding is an appeal from the judgment of an alderman, it cannot

be enlarged upon by the addition of a new party to the record.

We at once concede that in the case of Clauser v. Matz, 53 D. & C. 355, the Common Pleas Court of Schuylkill County held that a proceeding on appeal cannot be enlarged upon by the addition of a new party to the record. In that case plaintiff, Clauser, sued John Matz on an oral contract before a justice of the peace and obtained judgment for $45, and an appeal was filed in the court of common pleas. Six and one half years thereafter plaintiff filed a statement of claim' and named defendants as Mr. and Mrs. John Matz. The court directed the statement of claim stricken off as to Mrs. John Matz. Thus, the court's decision could be sustained on the ground that the statute of limitations had run on any alleged oral contract of Mrs. John Matz.

Pa. R. C. P. 2232(c) provides:

"At any stage of an action, the court may order the joinder of any additional person who could have joined or who could have been joined in the action and may stay all proceedings until such person has been joined. The court in its discretion may proceed in the action although such person has not been made a party if jurisdiction over him cannot be obtained and he is not an indispensable party to the action."

In the discussion of this rule in Goodrich-Amram Procedural Rules Service we find the following:

"If the court is to join as a defendant a person who could have been joined as an original party defendant, the consent of the new party is clearly not required."

The Act of May 4, 1852, P. L. 574, sec. 2, 12 PS §533, previously in force relating to changing or adding names of parties provided:

"All actions pending, or hereafter to be brought in the several courts of this commonwealth, and in all cases of judgments entered by confession, the said

courts shall have power, in any stage of the proceedings, to permit amendments by changing or adding the name or names of any party, plaintiff, or defendant, whenever it shall appear to them that a mistake or omission has been made in the name or names of any such party."

Under this act it had been held that an action may be amended by adding name of party defendant provided there is no change in the cause of action: Handshuh v. Fair, 29 Dauph. 3; Csizik v. Verhovay Sick Benefit Assn., 60 Pa. Superior Ct. 466; In re Kauffman's Estate, 293 Pa. 73; Leland v. Firemans Insurance Co. of Newark, 127 Pa. Superior Ct. 533; Muller v. Harrigan, 34 Del. Co. 270; Johnson v. Madrid Motor Corp., 48 D. & C. 258.

In the case of Continental Jewelry Co. v. Dewey, 33 Pa. C. C. 544, which was a case in the Court of Common Pleas of Crawford County, President Judge Frank J. Thomas held that such amendments are to be allowed in suits appealed from a judgment of a justice of the peace the same as those originally brought in the common pleas court. In the opinion at page 544 Judge Thomas said:

"Under our several statutes, parties are entitled to amend the names of parties to an action, when by mistake, either of law or of fact, the proper parties for the support of the action have not been included. And it is the duty of the court on the showing of such facts to allow said corrections. Kaylor v. Shaffner, 24 Pa. 489; Cochran et al. v. Arnold et al., 58 Pa. 399, and Hackett v. Carnell, 106 Pa. 291.

"This may be done without notice to one whose name is added by amendment as a party defendant, though such additional parties should be brought in by an alias summons or by rule to appear and plead. Leonard and Wife v. Parker et al., 72 Pa. 236; and Pittsburgh v. Eyth, 201 Pa. 341.

"Amendments are to be allowed in suits appealed from the judgment of a justice of the peace the same as those originally brought in this court. Bratton v. Seymour, 4 W. 329; Johnston v. Fessler, 7 W. 48; Gue v. Kline, 13 Pa. 60; Seitz v. Buffum, 14 Pa. 69; Comfort v. Leland, 3 Whart. 81; Eyster v. Rineman, 11 Pa. 147; and Merrill v. Tamany, 3 Pa. 433.

"It would seem that the ends of justice require that these amendments be made and that it is our moral as well as legal duty to allow the same."

2 Standard Pa. Practice 382 cites Judge Thomas' opinion as authority for the same proposition which it recognizes to be the law of this Commonwealth.

As was said in Barrilo et al. v. Frank et al., 116 Pa. Superior Ct. 461:

"When the statute of limitations has not run, 'statutes of amendment are liberally construed to give effect to their clearly defined intent to prevent a defeat of justice through a mere mistake as to the parties or the form of action'."

And as was said by the court in Johnson v. Madrid Motor Corp., supra:

"The law involving procedure should be liberally construed 'to secure the just, speedy and inexpensive determination of every action or proceeding. . . . The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties'. . . . To rule otherwise would simply be to compel plaintiff to discontinue this action and bring a new and additional suit. This is not a speedy and inexpensive determination of justice."

The foregoing applies in the present case. The statute of limitations has not run. Plaintiff could abandon the present case and start over again, but such procedure only involves more time and expense to all the parties. This is neither necessary or desir-

able. We, therefore, conclude that the amendment is allowable but added defendant must be given notice and an opportunity to answer.

### III.

Defendant finally objects on the ground that since the amended complaint alleges that Velma Roha was driving the automobile or vehicle, the original action against defendant James Roha before the alderman was trespass on the case and not trespass vi et armis; therefore, the alderman did not have jurisdiction of the case and there is no jurisdiction in the court of common pleas. Defendant, therefore, contends the case must now be dismissed.

The jurisdiction of justices of the peace and aldermen in action of trespass is fully discussed in the case of Battles v. Nesbit, 149 Pa. Superior Ct. 113, which was an appeal from this county. There President Judge Keller said (p. 119):

"It is clear that the Act of 1814 and the Act of 1879 when using the term, 'actions of trespass,' in conferring jurisdiction on justices of the peace and aldermen, meant an action to recover damages sustained by the plaintiff as the immediate consequence of some wrong done forcibly to his person or property by the defendant. . . . If it is shown that the wrong was not committed by the defendant himself, or by his agent or servant, in his presence, so as to bring it within the action of trespass, on appeal to the common pleas, the judgment will have to be in the defendant's favor; for if it appears on the trial of the appeal that the justice had not jurisdiction, the Common Pleas Court has no jurisdiction of the appeal."

The question had previously been discussed in Paulson v. Eisenberg, 134 Pa. Superior Ct. 503, where, in a note to his opinion, Judge Keller says:

"If the defendant owner is present when the injury is done, trespass vi et armis will lie and the justice

has jurisdiction: Strohl v. Levan, 39 Pa. 177, 184; Lassock v. Bileski, 94 Pa. Superior Ct. 299, 302; Act of July 7, 1879, P. L. 194; Knautt v. Massinger, 116 Pa. Superior Ct. 286, 177 A. 56."

In the Strohl and Lassock cases cited in the foregoing note, agency was directly involved as it was averred in each case that the vehicle was driven by the servant in the presence of the master and under his direction and control. Under these circumstances it was held that trespass vi et armis would be against defendant owner and master. Thus, the decisions do not actually go so far as to say that mere presence of defendant is sufficient to make the actions trespass vi et armis.

Will, then, the mere presence of the husband, owner of the vehicle driven by his wife, without any averment of her agency, allow an action of trespass vi et armis to be brought against him before a justice of the peace?

We think this question is ruled by the decisions of our courts in a different line of cases, a number of which are discussed in the following excerpt from the case of Feagles v. Sullivan, 32 D. & C. 47, at page 48:

"In the absence of evidence to the contrary, the inference arising from the presence of the owner by the side of another, whom he has permitted to drive, is that the owner has the right to control the operation of the automobile. It is his, and for that reason he necessarily can govern the speed, direction, and the general manner of its operation to such an extent that the driver is acting as his servant. Nor is this inference rebutted by the mere fact that the owner does not exercise his right to control; silence in such a situation indicates only assent to the performance by the driver. 'A man out riding in his car is not relieved from responsibility for its management because, with his permission, another is acting as driver; and this is especially so where the owner tacitly assents to the

manner in which the car is driven. There is a presumption, not here rebutted, that an owner present in his car has power to control it': Bell v. Jacobs, 261 Pa. 204, 208.

"Likewise, in Strohl v. Levan, 39 Pa. 177, it was held that the owner of a team of horses present in the wagon was in control of the driving, and the jury was bound to presume that the owner, who made no objection or endeavor to control the driver, assented to what was done in the management of the team. There is no distinction in principle between the driving of a team of horses and the operation of an automobile, 'and if the owner is present, having, though not actually exercising, the unrestricted right of direction and control, he is liable for its negligent operation': Spegele v. Blumfield, 120 Pa. Superior Ct. 231, 234-235.

"An exception to the rule that an owner is presumed to be in control of his automobile when he is present in it is made in the situation where a wife, who owns the automobile, is present while her husband is driving. There the inference that she, as owner, is in control is overweighed by the fact that the husband is, legally and actually, the dominant force in the family. 'The husband is still the head of the family, and when he is at the wheel of that car, even with his wife present, the presumption is that he is in control of the car, and, in the absence of evidence to the contrary, he is solely responsible for its operation': Rodgers et ux. v. Saxton, 305 Pa. 479, 485. See also Klein et ux. v. Klein, 311 Pa. 217, 219, Cox et al. v. Roehler et ux., 316 Pa. 417, 419, and Watkins et ux. v. Overland Motor Freight Co., Inc., 325 Pa. 312, 317."

The present case is the reverse of the situation referred to in the last paragraph of the above quotation. Here the wife was driving and the husband, owner, riding at her side in the car. Since he is not only the owner of the car, but also the head of the family, in

the absence of evidence to the contrary, the presumption clearly exists that he has the power to control the car and is responsible for its operation as fully as though the relationship of master and servant existed.

As was said in Spegele v. Blumfield, 120 Pa. Superior Ct. 231 at 234:

"Under the circumstances of this case where the plaintiff was the owner of the automobile which was being driven with his permission by his son, it must be presumed that the car and the driver were under the control of the owner as fully as if the driver was a paid servant."

Continuing further with the opinion from Feagles v. Sullivan, supra, the court said:

"The legal status of master and servant . . . of course must exist. 'But this does not imply that the service be rendered under a contract which entitled the driver to compensation, or that he was in the performance of a customary duty incident to his general employment as the defendant's servant. The person sought to be held responsible must have the right of selecting the person to render the service, but . . . it is not material whether the latter was driving at the request of the owner or person having the right of control of the management of the vehicle, or was a volunteer': McMahen v. White, 30 Pa. Superior Ct. 169, 177-178. It is clear, therefore, that the payment of compensation to the driver by the owner is not the determining factor of the latter's responsibility. This rests upon his presence in the automobile and his having the unrestricted right to control its operation."

In the second amended complaint filed in this case it is alleged as follows:

Paragraph IV. "That upon or about June 8, 1947, one Velma Roha, wife of James Roha, was driving an automobile accompanied by the owner thereof, James Roha, defendant herein, and a small child."

Paragraph X. "That the said defendants, James Roha and Velma Roha, were negligent and failed to use due care under the circumstances, inter alia, in the following particulars:

"(a) In failing to observe the line of cars directly in front of them, all of which had come to a complete stop some time before the collision;

"(b) In not having control of said automobile which Velma Roha was then driving, and continuing to drive forward after said cars were stationary, including the automobile of said coplaintiff, William Rex Bashline, and colliding and crashing into the rear end of said coplaintiff's automobile.

"(c) In failing to drive said automobile at such a rate of speed as would enable her to control the same and stop the same prior to said collision."

It is our conclusion that these averments alleging the presence in the car of the owner husband, the operation of the car by the wife, and the negligence of both will support an action of trespass vi et armis against both husband and wife. As was said in the Feagles v. Sullivan case above referred to, the legal status of master and servant, or principal and agent, arises from the presence of the owner in the car and his unrestricted right to control its operation; and in the present case we have the added presumption that the husband as head of the family is in control and responsible for the operation of the car.

The preliminary objection on the ground that the court has no jurisdiction of the case must therefore be overruled.

And now, July 24, 1948, the rule to show cause granted on March 1, 1948, why the amended complaint should not be dismissed and stricken off as to Velma Roha discharged.

All further proceedings shall be stayed until service of the amended statement of claim and this order is

made upon Velma Roha, after which both defendants shall be given 20 days to answer.

It is further ordered that the rule granted on March 1, 1948, to show cause why the amended complaint should not be stricken off and entire proceedings dismissed for lack of jurisdiction be and the same is hereby discharged.