## Walker *v.* Walker et al., Appellants.

*Practice, C. P.—New trial—Discretion—Avoidance of injustice —Review—Supreme Court.*

The appellate court will not review the discretion of the trial court in granting a new trial, where it appears that the court granted the new trial because it was of the opinion, from the admitted facts before it, that an injustice had plainly been done the plaintiff; although it was also of the opinion that on the case presented, its action in directing a verdict for the defendant was clearly right, and that no valid legal reasons were produced for granting a new trial.

Argued Jan. 20, 1919. Appeal, No. 214, Jan. T., 1919, by defendants, from order of C. P. Erie Co., Sept. T., 1916, No. 147, granting new trial after verdict for defendant in case of May L. Walker v. T. W. Walker and Walker Grape Products Company. Before STEWART, FRAZER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Trespass for alleged wrongful removal of machinery and for mesne profits for use of premises. Before ROSSITER, P. J.

At the trial the court gave binding instructions for defendant, but subsequently granted a new trial. Defendants appealed.

*Error assigned* was in granting a new trial.

*John B. Brooks,* with him *Charles H. English,* for appellant.—A party has the right to have his case heard and determined only once on the facts and the law applicable thereto: First National Bank of Birmingham v. Fidelity Title & Trust Co., 251 Pa. 536; Danboro & P. T. Rd. Co. v. Bucks Co., 258 Pa. 391.

*J. M. Sherwin,* with him *W. S. Carroll,* for appellee.— The unbending rule of law in Pennsylvania for half a century has been to discourage appeals on motions for new trials: Walker v. Walker, 254 Pa. 220; Hunter v. Bremer, 256 Pa. 257; Com. v. Ezell, 212 Pa. 296.

Especially should this rule be discouraged when the action of the court below does not force the parties out of court but simply grants a new trial and an opportunity for the parties to have their cases passed upon by a jury.

The courts of Pennsylvania have always adhered to the doctrine that a new trial should be granted by the court when it was of opinion that injustice would be done if a new trial was not granted: McFadden v. McFadden, 32 Pa. Superior Ct. 534; Com. v. Delero, 218 Pa. 487.

Opinion by Mr. Justice Frazer, March 3, 1919:

The court below gave binding instructions for defendants and subsequently, on plaintiff's motion, granted a new trial. From the latter action defendants have appealed. In such cases, while this court has power to entertain the appeal, the action of the lower court will be reversed only in clear cases of abuse of discretion. We have said the court can abuse its discretionary power as to the law, as well as to the facts in passing on an application for a new trial, and that the ordering of a retrial, for the mere purpose of correcting a matter needing no correction, but being in entire accord with the law, would

be such abuse of discretion warranting setting aside the order: First National Bank of Birmingham v. Fidelity Title & Trust Company, 251 Pa. 536; Danboro, etc., Turnpike Road v. Bucks County, 258 Pa. 391, 395.

Here plaintiff sued in trespass to recover mesne profits for the use of premises held by defendants, together with damages for the value of machinery removed from the property by them between the date of the verdict in a previous action of ejectment (Walker v. Walker, 254 Pa. 220, where it was determined the title to the property was in plaintiff) and the day on which defendants finally surrendered possession of the premises. The trial resulted in binding instructions for defendants for the reason, as stated by the trial judge, there was no evidence to connect one of the joint defendants with the transaction, and in a joint action there could be no verdict against one. On motion of plaintiff a new trial was granted without reason given at the time; subsequently, however, on a motion of defendants to strike off the order making the rule absolute, the court filed an opinion in which it stated, inter alia: "We believe that we were absolutely right in giving binding instructions to the jury to find for defendants. We believe there was no legal reason why a new trial should have been granted. We believe that it was legal and proper for the court to give binding instructions for the defendants. We also believe that the affidavits as to after-discovered evidence which accompanied the motion for a new trial were unworthy of belief. We did not believe them and we do not believe now that it was after-discovered evidence at all......But he [defendant] was acting for his wife, who was plaintiff, who, however, knew little about the preparation of the case, and this court had previously found, and the Supreme Court had affirmed that finding, that the property sued for belonged to her. An injustice, therefore, has been done her. So we are confronted with this anomalous condition, viz: that on the one side every proceeding thus far has been

properly and legally taken, and on the other side we are convinced that T. W. Walker took this property, sold it, and appropriated the proceeds to his own use. In other words, injustice has prevailed in a court of justice, and while it is human nature to say 'it served them right,' it is not the province of a court, as we conceive it, to sanction a wrong......We were and are therefore of opinion that this court could not, without injustice to plaintiff, have refused her a new trial."

While it appears the court below was of opinion, on the case presented, its action in directing a verdict for defendant was clearly right, and no valid legal reasons were produced to warrant the granting of a new trial, yet the court was also of opinion, from the admitted facts before it, that an injustice had plainly been done plaintiff. The case is, therefore, not one in which the action of the court below was based on legal reasons, but on equitable grounds and because the court believed an injustice had been done plaintiff. In such case the policy of this court has been not to interfere with the discretion of the court below except in extreme cases. The court below was apparently of opinion that since the title to the property had been adjudged to be in plaintiff, she was justly entitled to reimbursement for its loss, if any, and should not be deprived of the sum due her because of technical objection.

The judgment is affirmed.