Cooper *v.* Metropolitan Life Insurance Company, Appellant.

Argued January 7, 1935. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Richard H. Klein,* with him *Leroy A. Lincoln,* for appellant.

*Samuel Gubin,* of *Cummings & Gubin,* for appellee.

OPINION BY MR. JUSTICE KEPHART, February 4, 1935:

The accident policies under which appellee claims are identical in that they provided that if an accidental injury should "continuously and wholly disable and prevent the insured from performing any and every kind of duty pertaining to the occupation in which he is engaged at the time of the accident" the company would pay insured a weekly indemnity fifty-two weeks, and ". . . if the insured shall then and thereafter be continuously and wholly disabled by such injuries, independently of all other causes, from engaging in any and every occupation or employment for wage or profit, the Company will continue the payment of weekly indemnity so long as the insured shall be so disabled." A life insurance policy under which appellee claims provided for payment to the insured of a monthly income if as the result of bodily injury he should become totally disabled "so as to be prevented thereby from engaging in any business or occupation and performing any work for compensation or profit, and that such disability has already continued uninterrupted for a period of at least four months." As a result of an injured knee occurring April 15, 1931, the insured was paid weekly benefits under the accident policies until August 17, 1932, and monthly indemnity under the life policy until November 15, 1932. Thereafter further payments were refused on two grounds: [1] the insured was no longer totally and permanently disabled; and [2] he was not now wholly disabled from engaging in "any and every occupation or employment for wage or profit," as stipulated in the accident policies, or "from engaging in any business or occupation and performing any work for compensation or profit," the condition in the life insurance policy. In this action by the assured

to recover on the policies for benefits after the fifty-two-week period, a judgment was entered in his favor; this appeal followed.

The chief complaint is to trial errors, particularly the charge of the court. The jury was instructed that totally and wholly disabled, as used in the policies, meant not "absolute helplessness, but rather the inability of the insured to do the greater portion or substantial part of his work or duty." This left the jury free to find that the plaintiff was entitled to recover so long as he could not perform the substantial part of the occupation at which he was engaged at the time of the accident. The policies definitely excluded any such interpretation. The policies said *any* business, occupation or employment for compensation or profit. It should be clear that disability to engage in *any* business or occupation does not mean disability merely to carry on the same business or occupation that he had previously been engaged in. A similar question was presented to this court in B. & O. Relief Assn. v. Post, 122 Pa. 579. In that case, where the members of the association were entitled to benefits in case of total disability and total inability to labor, we held it was error to charge that these words "do not mean a total incapacity to engage in *any* labor and earn a livelihood thereby, but *such* labor as was engaged in just before and at the time he was injured." We said: "If a member was injured in such a way that he could no longer earn a livelihood at the particular labor in which he was employed at the time of the accident, yet was capable of earning as much or more money in some other employment, it was certainly not the object of the association, as expressed in its charter and by-laws, and that he should remain idle and draw benefits all his life." The same language might aptly be employed in the instant case. Moreover, in the case at bar, the distinction between inability to engage in any employment and inability to engage in the insured's customary employment is expressly made by the provisions of the accident policy;

they provide a weekly indemnity for fifty-two weeks if the insured is disabled from performing the duties "pertaining to the occupation in which he is engaged at the time of the accident" but the indemnity is continued thereafter only if the insured is disabled "from engaging in any or every occupation for wage or profit." The charge of the court overlooked this distinction. The meaning of the policies is too plain and unmistakable to permit any enlargement of their terms by construction.

While the words of the policy must receive reasonable construction and, literally interpreted, the words total disability to engage "in any and every occupation of employment for wage or profit" would require that an insured be a helpless invalid before he would be entitled to benefits under the policy, this cannot be what the parties intended. It is rare that any man is incapacitated from doing some work; many a blind man weaves baskets; a man with both legs and one arm off can sit in a doorway and sell lead pencils, or act as a telegraph operator; but it cannot well be argued that either is not totally disabled. A reasonable interpretation of the words of the policy is, that the total disability to engage in any occupation or work for compensation or profit which is insured against, means inability to perform any of the duties of any occupation which the insured might be ordinarily capable of performing. Many courts of other jurisdictions construing similar provisions of insurance policies have given these words a like interpretation: Indiana Life Endowment Co. v. Reed, 54 Ind. App. 450; Hurley v. Bankers' Life Co., 198 Iowa 1129; Starling v. Supreme Council, 108 Mich. 440; Wilson v. Metropolitan Life Ins. Co., 187 Minn. 462; Life & Casualty Ins. Co. v. Jones, 112 Miss. 506; Lee v. New York Life Ins. Co., 188 N. C. 538; Metropolitan Life Ins. Co. v. Wann (Tex. Civil Appeals), 28 S. W. 2d 196; see also B. & O. Relief Assn. v. Post, supra; Jacobs v. Loyal Protective Ins. Co., 97 Vt. 516.

Appellee contends, however, that, under the recent cases of Janney v. Scranton Life Ins. Co., 315 Pa. 200; Tibbetts v. Prudential Life Ins. Co., 313 Pa. 310, and Cantor v. Metropolitan Life Ins. Co., 108 Pa. Superior Ct. 1, it was held that total inability to perform any work or engage in any business for compensation or profit, means inability to perform the insured's usual work or carry on his usual business, and that, therefore, the charge of the trial judge was correct. An examination of the cases discloses that they do not so hold. While in the Cantor Case, which was the earliest of the three, Judge KELLER, in considering the meaning of the term "totally disabled," quoted from a Rhode Island decision to the effect that these words meant "inability of the insured to do the greater portion, the substantial part of his work or duty," this was not the holding of the case with regard to what disability "to perform *any* work or engage in any business" meant; as stated, at page 6, the decision was: "Such disability as will prevent the insured from engaging in and carrying on any gainful business or occupation and himself performing a substantial and essential part of the work incident thereto." In Tibbetts v. Prudential Life Ins. Co., supra, the meaning of the clause here under discussion was not considered. The Cantor Case was cited only as authority for the proposition that the evidence supported the finding of total and permanent disability. Nor is Janney v. Scranton Life Ins. Co., supra, authority for appellee's contention. There the evidence showed that the plaintiff (who had lost one eye and whose vision in the other was seriously impaired) had attempted to work at other businesses as well as his own but found that he could not engage in any of them; evidence was given that, considering his education and training, he was not able to engage in any gainful occupation. Under these circumstances, in affirming the judgment for plaintiff, we did not hold that inability to engage in the profession or business for which the insured was trained entitled him

to benefits under a policy providing indemnity in case he was unable "to perform any work or service for compensation, gain or profit." The quotation from the Cantor Case was used to explain the meaning of total as opposed to partial disability.

The court below erred in the instruction quoted; it is unnecessary to consider any of the other assignments of error.

Judgment reversed and a venire facias de novo awarded.