Rudy, Appellant, *v.* New York Life Insurance Company.

Argued November 14, 1939.

Before
KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

518

*George W. McKee* and *Paul A. Kunkel,* for appellant.

*George H. Hafer,* with him *Arthur H. Hull,* of *Snyder Hull, Leiby & Metzger,* and *Louis H. Cooke,* for appellee.

OPINION BY RHODES, J., April 10, 1940:

This is an action in assumpsit brought by Joseph A. Rudy, plaintiff, against the New York Life Insurance Company, defendant, to recover a disability payment of $500 and the return of a premium of $143.87 with interest thereon, which plaintiff alleges are payable to him under the disability provisions of a policy of life insurance issued by defendant. The jury found for defendant. Plaintiff's motion for a new trial was overruled by the court in banc. This appeal was then taken.

Appellant submits fifty-three assignments of error. The first assignment is to the refusal of the court below to grant appellant a new trial. Those entitled to consideration complain of alleged errors in the charge of the court.

The policy upon which appellant brought his action was issued March 24, 1920, and contained the following relevant portions as to disability payments, and waiver of premiums: "Whenever the Company receives due proof, before default in the payment of premium, that the Insured, before the anniversary of the Policy on which the Insured's age at nearest birthday is 60 years and subsequent to the delivery hereof, has become wholly disabled by bodily injury or disease so that he is and will be presumably, thereby permanently and continuously prevented from engaging in any occupation whatsoever for remuneration or profit, and that such disability has then existed for not less than sixty days— ...... then ...... Commencing with the anniversary of the Policy next succeeding the receipt of such proof, the Company will on each anniversary waive

payment of the premium for the ensuing insurance year, ...... One year after the anniversary of the Policy next succeeding the receipt of such proof, the Company will pay the Insured a sum equal to one-tenth of the face of the Policy and a like sum on each anniversary thereafter during the lifetime and continued disability of the Insured ......"

Appellant, in his amended statement of claim, alleged that, while performing his official duties as a United States narcotic agent, he was, on November 15, 1927, felled by a blow from an alleged violator of the narcotic laws, as a result of which his head came in contact with the hard surfaced street, his hearing became impaired, he suffered from thickened and retracted ear drums, having what is known as otitis media, and that he got frequent dizzy spells, and was thereby disabled within the meaning of the disability provisions of his life insurance policy.

Appellee, by its amended affidavit of defense, denied that appellant was so disabled, and on the contrary averred that appellant, with exception of such impaired hearing, was an able-bodied man, capable of engaging in any occupation whatsoever for remuneration or profit within the meaning of the terms of the policy.

It was the province of the jury to decide the factual issues raised by the testimony offered in support of the respective contentions under instructions from the trial judge as to the applicable legal principles. *Henes v. McGovern, Adm'r,* 317 Pa. 302, 312, 176 A. 503.

The eleventh, twelfth, and thirteenth assignments of error complain of portions of the charge of the court. Appellant argues that the excerpts embodied in these assignments constitute error, and that a new trial should have been granted by reason thereof. No specific exceptions were taken to the portions upon which the assignments were based. A general exception was granted. A criticism that may be made of the parts of the charge in question is that they did not repeat each

time, in its entirety, what the trial judge had said in defining total disability at the outset. Assuming that it would have been better to have repeated what was meant by total disability, the failure to do so in this case does not, in our judgment, constitute reversible error. Every charge must be read as a whole, and if, when so considered, the issues are fairly put before the jury, the judgment will not be reversed even though isolated portions may be the subject of criticism. *Giannone v. Reale,* 333 Pa. 21, 24, 3 A. 2d 331. The general effect of the charge, rather than a casual expression in it, must govern the interpretation or construction of it. *Walters v. Western & Southern Life Ins. Co.,* 318 Pa. 382, 389, 178 A. 499. At the conclusion of the charge the trial judge affirmed and read to the jury appellee's first point for charge which stated the meaning of total disability in the identical words used by the trial judge at the beginning. The trial judge at the beginning of his charge had said: "Total disability to engage in any occupation for compensation or profit insured against means inability to perform any of the duties of any occupation which the insured might be ordinarily capable of performing." This portion of the charge is in accord with what was said in *Cooper v. Metropolitan Life Ins. Co.,* 317 Pa. 405, 177 A. 43, and repeated in the same case in 323 Pa. 295, 186 A. 125. Certainly appellant cannot say that the jury was left in doubt as to what was meant by total disability when the trial judge affirmed and read to the jury at the conclusion of the charge appellant's fifth point, which was as follows: "5. It is rare that any man is incapacitated from doing some work. Many a blind man weaves baskets, a man with both legs or one arm off can sit in a doorway and sell lead pencils or act as a telegraph operator, but it cannot be well argued that either is not totally disabled. The reasonable interpretation for total disability to engage in work for compensation or profit which is insured

against, means inability to perform any of the duties of any occupation which the insured might be ordinarily capable of performing."

Counsel for appellee, at the conclusion of the charge of the court, also called to the attention of the trial judge that the question was not whether appellant had tried to get work or could obtain work, but whether he could perform any of the duties of any occupation for remuneration or profit, and this correction the trial judge affirmed.

In *Pearlman v. Metropolitan Life Insurance Co.,* 336 Pa. 444, at page 448, 9 A. 2d 432, at page 434, our Supreme Court, in an opinion by Mr. Justice STERN, said: "The court there said [*Cooper v. Metropolitan Life Insurance Co.,* 317 Pa. 405, 177 A. 43], in an opinion by the present Chief Justice (pp. 407, 408): 'It should be clear that disability to engage in *any* business or occupation does not mean disability merely to carry on the same business or occupation that he had previously been engaged in ...... A reasonable interpretation of the words of the policy is, that the total disability to engage in any occupation or work for compensation or profit which is insured against, means inability to perform any of the duties of any occupation which the insured might be ordinarily capable of performing.' Of course, as was there further pointed out, this does not mean that the insured must be a helpless invalid in order to become entitled to benefits under such a policy, nor is he barred from recovery because he may be able to perform a few trivial and desultory acts or light work of a limited character and at irregular intervals, but it does mean that it is not enough for the insured to show that he is unable to do a substantial part of his ordinary work." See, also, *Sebastianelli v. Prudential Insurance Company of America,* 337 Pa. 466, 12 A. 2d 113.

When the entire charge is read, particularly in the light of the instruction at the outset defining total

disability, and the reaffirmance of this instruction in the affirmance and reading to the jury of points submitted by both appellant and appellee, it fairly presents the issue to the jury.

Appellant was a strong, healthy man, and had no physical ailment other than impaired hearing (131a). Prior to 1927 he had been engaged in some phase of the milk business for many years, and before that he had been employed as a clerk by the Pennsylvania Railroad Company. He had also been a car inspector. He has not worked since February 12, 1934, when he left the government service because of impaired hearing. The nature and extent of the work and occupations in which he had previously engaged were fully described to the jury, and there was testimony which showed what he was still able to do.

The credibility of the witnesses and the effect of the evidence were for the jury; they saw and heard appellant testify, and had an opportunity to observe him during the trial; and they had before them the testimony as to appellant's education, prior employments, the occupations in which he had previously engaged and those the duties of which he was capable of performing, and in which any existing disability did not prevent him from engaging. See *Jones v. Manhattan Life Insurance Company of New York,* 134 Pa. Superior Ct. 437, 445, 446, 4 A. 2d 220. The evidence was sufficient for the jury to find that he was not entitled to benefits under the policy.

We have not only carefully read the charge of the court, which contains no such error as requires a reversal in this case, but we have likewise examined each of the many assignments of error which appellant has submitted. None sets forth any reversible error. Most of them are trivial and entirely without merit, and where it may possibly be said that there was error it was clearly harmless and not prejudicial.

We think that appellant had a fair trial, that the

issues were properly submitted to the jury, and that the verdict is in conformity with and supported by the evidence.

All the assignments of error are overruled.

Judgment is affirmed.