## Curley et al., Appellants, *v.* Edwin A. Smith & Sons, Inc.

Argued January 25, 1943. Before Maxey, C. J.; Drew, Linn, Patterson, Parker and Stearne, JJ.

*Laurence H. Eldredge,* with him *Robert J. Bond, Jr., Sidney E. Smith* and *S. Regen Ginsburg,* for appellants.

*John J. McDevitt, III,* with him *Leon Rosenfield* and *John J. McDevitt, Jr.,* for appellee.

OPINION BY MR. JUSTICE LINN, March 22, 1943:

Plaintiffs appeal from judgment on a verdict for defendant. On a clear day a five year old child was struck by the fender of a truck on Market Street at or near the intersection of 56th Street in Philadelphia. The truck was moving eastward on Market Street and the child was crossing from the northern side of the street. There was disagreement whether the accident occurred at the intersection or some "thirty-five to fifty feet" east of it. There was evidence that the child was struck by the left front fender of the truck and that the driver neither saw the child nor knew of the accident until he was stopped by a police car that happened along from the east at the time. The point stressed by counsel who argued the appeal (who did not try the case below) is that the charge was so inadequate that this court should say the inadequacy constituted fundamental error. We have considered the point in the light of the exhaustive argument presented but must reject it. At the conclusion of the charge and after passing on a number of requests for charge presented on plaintiff's behalf, the learned judge asked counsel whether further instructions were desired and plaintiff's trial counsel replied: "I think your Honor has covered the situation very well. I just ask for an exception to the declination of my sixth point." While such a reply should perhaps not always conclude a party, it has significance that cannot be ignored on review: compare *Stolpe v. Duquesne City*, 337 Pa. 215, 9 A. 2d 427; *Meholiff v. River Transit Co.*, 342 Pa. 394, 20 A. 2d 762.

It would have been error to affirm the following point for charge, presented by plaintiff: "The distance that defendant's car continued after striking plaintiff and the violence of the impact justified the conclusion that the auto was traveling at an excessive speed or not exercising the degree of watchfulness required of motorists at street crossings." It requested an instruction that the accident happened at the intersection—whereas the fact was in dispute. It also requested an instruction that

the distance traveled by the truck after the accident was evidence of excessive speed—on that point also the facts were in dispute; if the driver knew the child was struck, he should of course have stopped and the distance covered in stopping might have been relevant; but if the child ran into the side of his truck, as some evidence indicated, and he did not know of it, there was no occasion to stop and the distance he traveled until the police car stopped him would be no evidence of speed in the sense suggested. On the contradictions in the testimony, the facts were for the jury; the judge could not take the plaintiffs' view of the facts stated in the request. We find no reversible error.

Judgment affirmed.