Zoni *v.* Mutual Life Insurance Company of New York, Appellant.

2

Argued April 16, 1943. Before KELLER, P. J., BALD-RIGE, STADTFELD, RHODES, HIRT, KENWORTHEY and RENO, JJ.

*William H. Eckert,* with him *Smith, Buchanan & Ingersoll,* for appellant.

*Joseph S. Rosenbaum,* with him *Louis Caplan,* of *Sachs & Caplan,* for appellee.

OPINION BY RHODES, J., July 16, 1943:

This appeal by defendant is from an order of the court below granting plaintiff's motion for a new trial.

An action in assumpsit was brought to recover total and permanent disability benefits alleged to be due under an insurance policy. The jury returned a verdict in favor of defendant. The court in banc then granted plaintiff's motion.

It is a well established rule that such an order is not reviewable unless the court below makes it clearly appear that the reasons particularly set forth in its opinion are the only ones which move it to award a new trial. *Culver et al. v. Lehigh Valley Transit Co. et al.,* 322 Pa. 503, 511, 186 A. 70.

In the present case the court below in its opinion granting a new trial said it found no error in the charge of the trial judge, but felt that "in this case justice requires that a new trial be granted because, under the terms of the policy itself, the charge of the trial judge was inadequate in that it failed to adequately explain what was meant by 'total disability' under the terms of that policy."

The trial judge certified: "This is to certify that the sole reason for the granting of a new trial in the above-entitled case was because the charge of the trial judge was deemed inadequate in defining total and permanent disability under the policy in suit." See *Straus v.*

*Rahn et al.,* 319 Pa. 93, 95, 96, 179 A. 445; *Class & Nachod Brewing Co. v. Giacobello,* 277 Pa. 530, 121 A. 333.

While the court below said that justice required a new trial, it definitely stated that this was because of the inadequacy of the charge of the trial judge on a specific matter. It necessarily follows that the latter was the sole reason for granting the new trial, and such cases as *Kerr et ux. v. Hofer et al.,* 341 Pa. 47, 17 A. 2d 886, are not applicable. As we are of opinion that the reason assigned is without merit, the order will be reversed. A sufficient reason for our reversal of the court below is that the charge when read as a whole was adequate in its submission of the issues to the jury, and consequently the verdict being justified by the evidence should not be set aside. See *Werenzinski v. Prudential Insurance Co. of America,* 339 Pa. 83, 14 A. 2d 279; *Pezzulli, Adm'r, v. D'Ambrosia,* 344 Pa. 643, 26 A. 2d 659. Under the evidence and the charge the issues were for the jury to determine; having done this there is no valid basis presented for judicial interference with the result.

Before instructing the jury, the trial judge submitted the portion of his charge in question to counsel for both sides to determine whether they approved it or had anything to change in it or to add to it. It was agreed that the proposed charge was correct without any change or addition. The trial judge charged the jury accordingly. No exception of any kind was requested by plaintiff's counsel, but when defendant's counsel asked for a general exception the trial judge entered a general exception for both parties. No points or requests for charge were submitted by plaintiff at any time. A proper time to suggest additional instructions is when the trial judge asks for suggestions from counsel (*Marshall et al. v. Troncelliti,* 96 Pa. Superior Ct. 57, 61), and a judge who submits a case to the jury in

the manner agreed to by counsel should not ordinarily be convicted of error for not presenting instructions to which his attention has not been called (*Pennsylvania Railroad Co. v. Pittsburgh,* 335 Pa. 449, 464, 6 A. 2d 907). While the approval of the charge by counsel before delivery by the trial judge should perhaps not always conclude a party it has significance that cannot be ignored on review. *Curley et al. v. Edwin A. Smith & Sons, Inc.,* 346 Pa. 489, 490, 31 A. 2d 113.

Our appellate courts have said that inadequacy of a charge may be taken advantage of on a general exception where the instructions omitted are vital to a proper conception by the jury of the fundamental principles of law involved, because such inadequacy is basic and fundamental error. See *Patterson v. Pittsburgh Rys. Co.,* 322 Pa. 125, 128, 185 A. 283; *Hess v. Mumma et al.,* 136 Pa. Superior Ct. 58, 68, 7 A. 2d 72. But it is the general rule that one cannot take a chance on an adverse verdict and then successfully complain of inadequate instructions—there being no basic error—which he had ample opportunity to correct at the trial. *Davis v. Cauffiel,* 287 Pa. 420, 425, 135 A. 107; *Title Guaranty Co. v. Barone,* 319 Pa. 499, 504, 181 A. 765; *Pfordt v. Educators Beneficial Association,* 140 Pa. Superior Ct. 170, 14 A. 2d 170; *White et al. v. Pittsburgh Rys. Co.,* 132 Pa. Superior Ct. 373, 378, 200 A. 932.

On the foregoing principles plaintiff was not entitled to a second trial in the hope of obtaining a more favorable verdict (*Broomall v. Pennsylvania R. Co.,* 296 Pa. 132, 140, 145 A. 703), but the court below has ordered a retrial for the mere purpose of correcting a matter which needs no correction (*Walker v. Walker et al.,* 264 Pa. 68, 69, 107 A. 219).

The following provisions appear in the policy in suit:

"Benefits in Event of Total and Permanent Disability Before Age 60.

"Total Disability.—Disability shall be considered

total when there is any impairment of mind or body which continuously renders it impossible for the Insured to follow a gainful occupation.

"Permanent Disability.—Total disability shall, during its continuance, be presumed to be permanent;

"(a) If such disability is the result of conditions which render it reasonably certain that such disability will continue during the remaining lifetime of the Insured; or,

"(b) If such disability has existed continuously for ninety days.

"When Benefits become Effective.—If, before attaining the age of sixty years and while no premium on this Policy is in default, the Insured shall furnish to the Company due proof that he is totally and permanently disabled, as defined above, the Company will grant the following benefits during the remaining lifetime of the Insured so long as such disability continues."

The trial judge charged the jury in part as follows:

"Under a contract such as we have here, total and permanent disability does not require that a person be either absolutely helpless or a hopeless invalid, either mentally or physically. That is the law and it has been so decided by our Courts. Total and permanent disability means inability to perform any duty of any occupation which that person might ordinarily perform."

Only two reasons in plaintiff's motion for new trial related to the charge. The fourth reason assigned was that "The court erred in not charging the jury that they could find that the plaintiff was totally and permanently disabled although they found that she did perform various household duties at irregular times and on isolated occasions." The fifth was failure to instruct the jury that "since there was no evidence offered on behalf of the defendant that the [plaintiff] performed any of the duties of her occupation, to-wit, buying and selling ladies' clothes, the jury could find that she was

totally and permanently disabled even though they might find that she had performed certain household duties at various times and on isolated occasions."

The policy was issued in 1925. At that time plaintiff was engaged in buying and selling ladies' clothes. There was ample evidence that at the time of trial she took in roomers and was performing the duties of a housewife. The policy does not provide for occupational insurance; disability benefits are payable only for total and continuous disability "to follow a gainful occupation." This has been held to mean inability to perform any of the duties of any occupation which the insured might be ordinarily capable of performing. The trial judge so instructed the jury; the language was in accord with that approved by our appellate courts in many cases. See *Cooper v. Metropolitan Life Ins. Co.*, 317 Pa. 405, 408, 177 A. 43; Id. 323 Pa. 295, 186 A. 125; *Pearlman v. Metropolitan Life Ins. Co.*, 336 Pa. 444, 448, 9 A. 2d 432; *Wuerfel v. Metropolitan Life Ins. Co.*, 343 Pa. 291, 296, 22 A. 2d 747; *Jones v. Manhattan Life Ins. Co. of New York*, 134 Pa. Superior Ct. 437, 445, 4 A. 2d 220; *Rudy v. New York Life Ins. Co.*, 139 Pa. Superior Ct. 517, 520, 521, 12 A. 2d 495. The provisions of the policy are not vitally different from the provisions of the policies in the *Wuerfel, Jones,* and *Rudy* cases,[1] and many others. Under all of them the

---

[1] In *Wuerfel v. Metropolitan Life Ins. Co.*, 343 Pa. 291, 22 A. 2d 747, the disability provision in the policy provided: "Any employee insured under this plan who shall become wholly and permanently disabled while in our employ before reaching the age of 60, either by accidental injury or disease, and is thereby permanently, continuously and wholly prevented from pursuing any and all gainful occupation, will be regarded as a claimant by the Metropolitan Life Insurance Company."

In *Jones v. Manhattan Life Ins. Co. of New York*, 134 Pa. Superior Ct. 437, 4 A. 2d 220, the following provision appeared: "Disability shall be deemed to be total and permanent whenever the Insured becomes totally disabled by bodily injury or disease

disability must be total and permanent, and more is required than proof of inability to do a substantial part of insured's ordinary work. In plaintiff's behalf it is argued that the reason the charge was fundamentally erroneous was the failure to instruct the jury to the effect that she "would not be barred from recovery because she may be able to perform a few trivial and desultory acts or light work of a very limited character and at very irregular intervals." See *Frace v. Mutual Life Ins. Co. of New York,* 151 Pa. Superior Ct. 354, 360, 30 A. 2d 380. There is no ground for such assertion. In view of plaintiff's own testimony she was in no position to ask with any consistency for such instruction, or complain of its omission in connection with the definition of total disability. She had testified that she could not even do light work such as washing dishes; that for ten years she had not cooked a meal, mopped or swept the porch, and that in the last five years she had not made a bed. Defendant's testimony presented an entirely different picture, and it is readily understandable why the verdict was in defendant's favor. It is inexplicable how she could have been harmed by the absence of such explanatory statement in the charge when her position constituted a denial of its applicability to herself. The definition of total disability was sufficient under the circumstances, and no more was required in the charge than was given. The trial judge,

so that he is then and presumably will be thereby permanently incapacitated from engaging in any occupation whatsoever for remuneration or profit."

In *Rudy v. New York Life Ins. Co.,* 139 Pa. Superior Ct. 517, 12 A. 2d 495, the relevant disability provision was as follows: "Whenever the company receives due proof ...... that the Insured ...... has become wholly disabled by bodily injury or disease so that he is and will be presumably, thereby permanently and continuously prevented from engaging in any occupation whatsoever for remuneration or profit ...... the company will pay the Insured ......"

however, did instruct the jury that the disability provided for in the policy "does not require that a person be either absolutely helpless or a hopeless invalid, either mentally or physically." The essential purpose of a charge is to instruct the jury as to the law, and to clarify the issues of fact. *Com. v. Robinson,* 305 Pa. 302, 306, 157 A. 689. This was fairly and adequately accomplished.

A compliance with plaintiff's fifth reason for a new trial would have left the jury under an erroneous impression that inability to engage in her previous occupation would entitle plaintiff to recover (see *Cooper v. Metropolitan Life Ins. Co.,* supra, 317 Pa. 405, 407, 177 A. 43), and that performance of household duties was not a gainful occupation. The failure of the trial judge to further define a gainful occupation was not prejudicial to plaintiff, and was not error. In the present case the performance of household duties was a gainful occupation. See *Frace v. Mutual Life Ins. Co. of New York,* supra.

Plaintiff's second and third reasons assigned in the motion for new trial are also stressed again. The second reason relates to the exclusion of testimony offered in rebuttal. It was properly excluded by the trial judge as not being rebuttal testimony. The third reason is based on an assumed offer of pleadings which was never made. We have considered the counter statement of questions involved and have examined all plaintiff's contentions in support of the order of the court below and find no merit in any of them. Matters raised for the first time on this appeal will not be considered. See *Stevens et al. v. Frank et al.,* 151 Pa. Superior Ct. 222, 223, 30 A. 2d 161.

The order granting a new trial is reversed, and the record is remitted, with directions to enter judgment on the verdict in favor of defendant.