Union Trust Company of Butler *v.* Guardian Life Insurance Company of America, Appellant.

Argued April 14, 1954. Before HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE and ERVIN, JJ. (RHODES, P. J., absent).

*Hugh S. Millar*, with him *J. Campbell Brandon* and *Brandon, Millar, Rockenstein & MacFarlane*, for appellant.

*Harry K. McNamee*, with him *Marshall, Marshall & McNamee*, for appellee.

Opinion by Woodside, J., August 30, 1954:

This is an appeal from the trial court's refusal to grant judgment n.o.v. after a verdict for the plaintiff in a suit to recover alleged payments due under the total and permanent disability clause of an insurance policy issued by defendant.

The jury returned a verdict for $1,634 being computed from October 21, 1948 until the date of the verdict.

A contract of insurance was executed between the plaintiff and the defendant July 24, 1922. It contained the following clause:

"If due proof shall be furnished to the company at its home office that the insured before attaining the age of sixty years while there is no default in payment of premium hereinafter and the policy is in full force and effect has become totally and permanently disabled by bodily injury or disease, so that he is and will be permanently, continuously and wholly prevented thereby from performing any work or from following any occupation whatsoever for remuneration or profit; then he is entitled to recover under the terms of this contract because of total disability."

Satisfactory proof was furnished to the defendant of total disability in the year 1927, and thereafter payments were made at the rate of $30 a month until June of 1944, at which time payments were discontinued by the defendant company. In December of 1944 the plaintiff furnished to the company a statement of total disability, upon blank forms furnished by said company. No reply was received by the plaintiff or his guardian relative to further payments based upon such proof.

May 3, 1945, the defendant filed a Bill in Equity against the plaintiff's guardian, alleging that the pay-

ments received by it in behalf of the plaintiff from June, 1942, to June, 1944, were fraudulently obtained.

November 25, 1946, pursuant to the notice of total disability given in December, 1944, and prior to the determination of the case in equity, the present suit was instituted.

In the equity case the issues of fact were certified to the law side of the court for trial before a jury, and an opinion and decree of court filed. It was determined in the equity suit by the decree of the court that the payments made on behalf of the plaintiff from June, 1942, to June, 1944, were fraudulently obtained, and the guardian was directed to repay the amount so paid. The court further decreed that the defendant company be released from further payments of $30 per month until total disability was again established.

The appellant contends that the matters set out in the case at bar are res adjudicata by virtue of the defendant's recovery from the plaintiff and the entry of the decree on October 21, 1948 in the aforesaid equity case.

The question of res adjudicata was raised at the trial. The purpose as expressed by counsel for defendant was to fix the date from which the disability could be claimed—the plaintiff claiming from 1944 and the defendant contending that if plaintiff would be entitled to recover at all it could not start earlier than the date of the decree in 1948. The court ruled the question in favor of the defendant denying the plaintiff the right to recover anything for the period prior to October 21, 1948.

Passing the appellee's contention that the issue of res adjudicata could not be properly before us because of the time and manner in which the question was raised, we can dispose of the issue by the very evident observation that an equity decree entered October 21,

1948 involving the plaintiff's disability prior to that date would not decide the question of his disability subsequent to that date. The matter was not res adjudicata.

The appellant also contends that the notice required by the insurance policy as a condition precedent to the institution of this action was not given by appellee. As stated by Judge GRAFF who, specially presiding, tried the case and wrote the opinion for the lower court, "it is sufficient to say that notice was given in December, 1944, upon the blanks furnished by the defendant company. The evidence clearly shows subsequent to that time that the defendant ignored the notice and proofs, and clearly intended to make no payments as a result thereof." The lower court quoted from *Wuerfel v. Metropolitan Life Ins. Co.*, 343 Pa. 291, 298, 22 A. 2d 747 (1941), as follows:

" ' "The sufficiency of proofs is for the court to determine, and the question need not be submitted to the jury. Substantial compliance with a condition in the policy relating to the production of preliminary evidence of loss must be made by the claimant before a right of action will accrue to him for losses, unless the right to insist on such preliminary conditions is waived. But such conditions are liberally expounded and held to require only the best evidence of the fact which the party possesses at the time, and the claimant is not bound to comply with the condition with technical strictness, either as to time or manner of compliance" ' ": 14 Ruling Case Law, Section 507, p. 1337. In Astrin v. Metropolitan Life Insurance Company, 341 Pa. 120, 17 A. (2) 887, this court, in an opinion by Mr. Justice LINN, said: ' "The term 'due proof' in the policy did not require, as a condition precedent to recovery, a showing such as would be necessary to make out a prima facie case at the trial." See also Han-

rahan v. John Hancock Mutual Life Insurance Company, 143 Pa. Superior Ct. 557, 18 A. (2) 512.'"

Judge GRAFF properly decided that "the action in this case was instituted subsequent to and as a result of the notice previously given in December, 1944, and we conclude that the defendant's position is here without merit."

The appellant further contends that there was insufficient evidence to prove permanent and total disability under the terms of the contract during the period of time involved, and that the evidence disclosed plaintiff was able to perform work and to follow an occupation for remuneration or profit.

We need not cite authority for the proposition that the evidence must be viewed in the light most favorable to the plaintiff.

The plaintiff testified that some years ago he was in several hospitals for treatment for a mental or nervous condition; that he was unable to obtain gainful employment; that when he went to do any work he would start shaking so that he could not work and would have to lie down. His doctor testified that plaintiff had various more or less serious ailments and that in his opinion plaintiff was totally and permanently disabled primarily because of "a mental and nervous condition known as dementia praecox."

The evidence established that the plaintiff entered a plea of nolle contendere to unlawfully conducting a lottery in 1951. There was also some evidence that at one time he worked for one of his family in the fruit business selling fruit. This, however, appears to have been prior to 1948.

The plaintiff is not barred from recovery because he may be able to perform some trivial or desultory acts or some light work of a limited character at irregular intervals.

In *Cooper v. Metropolitan Life Ins. Co.,* 317 Pa. 405, 408, 177 A. 43 (1935), it was said:

"While the words of the policy must receive reasonable construction and, literally interpreted, the words total disability to engage 'in any and every occupation of employment for wage or profit' would require that an insured be a helpless invalid before he would be entitled to benefits under the policy, this cannot be what the parties intended. It is rare that any man is incapacitated from doing some work; many a blind man weaves baskets; a man with both legs and one arm off can sit in a doorway and sell lead pencils, or act as a telegraph operator; but it cannot well be argued that either is not totally disabled."

We agree with Judge GRAFF who in disposing of this question said:

"What the defendant did in order to cause him to enter a plea of Nolle Contendere to the offense of conducting a lottery, is not disclosed by the evidence. It does appear that any such violation of the law only continued for a very short period of time. The occupation was illegal, and obviously the plaintiff could not continue in such. To sustain the position of the defense upon this evidence we believe to be clearly unwarranted. There can be no question but that the evidence introduced raised a question which was solely for the jury's determination . . ."

The question was for the jury, and there was sufficient evidence to sustain the verdict.

Judgment affirmed.