MUTSCHLER BROTHERS COMPANY *v.* SWIHART.

[No. 18,697. Filed December 2, 1955. Rehearing denied January 10, 1956. Transfer denied July 27, 1956.]

*Roland Obenchain, Jones, Obenchain & Butler,* of South Bend, for appellant.

*Raymer & Wiltrout,* of Elkhart, for appellee.

CRUMPACKER, J.—By an award of the Industrial Board of Indiana the appellant was ordered to pay the appellee $30.00 per week for 350 weeks to compensate for the loss she suffered as a presumptive dependent of Niles Swihart, her father, who admittedly was killed as the result of an accident growing out of and in the course of his employment with the appellant. From the facts found by the board it is apparent that this award was entered upon the theory that the appellee was an unmarried daughter of said Niles Swihart and at the time of his death she was over the age of 18, living with and keeping house for him and at that time she was not, nor has she since been, otherwise gainfully employed and therefore must conclusively be presumed to have been wholly dependent upon him for support. Sec. 38a (f) Workmen's Compensation Act. Sec. 40-1403a (f), Burns' 1952 Replacement.[1]

The appellant challenges such award as being contrary to law on two counts. It contends (1) that the undisputed evidence compels the conclusion that at the time of her father's death the appellee was and had been for many years "otherwise gainfully employed;" and (2) that the undisputed evidence compels the conclu-

---

[1] "The following persons are conclusively presumed to be wholly dependent for support upon a deceased employee and shall constitute the class known as presumptive dependents in the preceding section:

"(f) An unmarried child over the age of eighteen (18) who at the time of the death of the parent is keeping house for and living with such parent and is not otherwise gainfully employed."

sion that at the time of her father's death and simultaneously therewith the appellee became "gainfully employed" and thereby her right to compensation as a presumptive dependent, if she had such right, was terminated. Sec. 38a Workmen's Compensation Act, Sec. 40-1403a, Burns' 1952 Replacement.[2]

The essential facts are undisputed and may be summarized as follows: On July 26, 1954, Niles Swihart was in the employ of the appellant at an average weekly wage in excess of $50.00. On that day he sustained personal injuries as the result of an accident arising out of and in the course of his employment and because of which he died on the same day. For 15 years prior thereto he had lived with his immediate family, consisting of his two daughters Violet and Lois Virginia, the appellee herein, at 352 East Lincoln Street, Nappanee, Indiana. This property belonged to the two daughters as tenants in common by deed from their father's death, remained at home keeping the house, insurance, upkeep and improvements thereon until he died.

At the time of her father's death, Violet, the older of the two daughters, was employed full time by Vitreous Steel Products Company of Nappanee and had been so employed for 27 years. The appellee, then 29 years of age and unmarried, had no employment outside the household and had, for several years prior to her father's death, remained at home keeping the house, cooking meals for the family, doing the household laundry and mending her father's clothes. To cover ordinary household expenses, meat and groceries, the father contributed $20.00 and Violet $7.00 weekly.

[2] "The dependency of any child under subsection (f) of this section shall be terminated at such time as such dependent thereunder becomes gainfully employed or marries."

Fuel, utilities and telephone bills were paid by the father. To provide for the appellee's personal needs such as clothes, medical attention, cosmetics, pocket money, etc., her father contributed $10.00 and her sister Violet from $10.00 to $12.00 each week. As the appellee expressed it, "I was getting from Violet and my father $22.00 per week for my own personal use. That was my compensation for what I did for them in the way of housekeeping." This family arrangement had continued for 15 years prior to Swihart's death and since then the two daughters have continued to live in the family home. The appellee still does the housekeeping and Violet is still employed full time elsewhere. She continues to pay the appellee from $10.00 to $12.00 per week for her own use and an additional $6.00 per week as her contribution toward the general household expenses. There has been no understanding between the sisters concerning the future payment of taxes, insurance, coal bills, repairs, etc.

The appellant admits that this evidence qualifies the appellee as a presumptive dependent in the following particulars: (1) She is a child of the deceased employee Niles Swihart; (2) she is not married and never has been; (3) she is over 18 years old; and (4) at the time of such employee's death she was keeping house for and living with him. The appellant contends, however, that there is not only no evidence to support the board's finding that at the time of her father's death the appellee "was not gainfully employed," but that such evidence compels a contrary finding. The argument in support of this contention runs thus: During all of the time the appellee kept house for her father she also kept house for her sister Violet who paid her $10.00 to $12.00 per week therefor. That keeping house for Violet was a gainful employment and therefore

during all of the time she lived with and kept house for her father she was "otherwise gainfully employed" which disqualifies her for compensation as a presumptive dependent.

Although no Indiana case that we have found, or been referred to, specifically so holds, we believe it sound reasoning to say that keeping house under the circumstances disclosed by the undisputed evidence in this case constitutes "gainful employment." *Frace* v. *Mutual Life Ins. Co. of New York* (1943), 151 Pa. Super. 354, 30 A. 2d 380; *Zoni* v. *Mutual Life Ins. Co. of New York* (1943), 153 Pa. Super. 1, 33 A. 2d 445. We are unwilling to say, however, that the facts in this case show two separate and distinct "gainful employments," one in the behalf of the father and the other in behalf of the sister. The premises in which the appellee kept house was one household and the appellee had but the one job of keeping said house for the benefit of herself and immediate family. The fact that the money that was given her in recognition of her services was furnished in part by her father and in part by her sister is, in our opinion, of no consequence. The family relationship existing between the members of the household precludes any presumption of two implied contracts of employment and we find no evidence indicating the appellee had an express contract with her sister whereby she undertook to keep house for her at $12.00 per week and another such contract with her father at $10.00 per week for like services.

We concede that the appellee was "gainfully employed," in keeping house in the family home while her father and sister worked elsewhere even though the money she received from them was not wages in the technical sense and the arrangement between them was

not the conventional one of employer and employee. *In re Lanman* (1917), 65 Ind. App. 636, 117 N. E. 671. We are of the opinion, nevertheless, that the present situation reveals but one gainful employment and even though the appellee's sister benefited thereby and contributed to the appellee's "compensation," the fact remains that she was living with and keeping house for her father at the time of his death. Thus we find no error in the board's conclusion that when Niles Swihart died the appellee was his presumptive dependent as provided by Sec. 38a (f), *supra.*

This brings us to a consideration of the second question presented, to-wit: Did the appellee's right to compensation, as the presumptive dependent of her father, terminate simultaneously with his death, because she continued to keep house in the family home and to receive "compensation" therefor from her sister Violet? In other words has she become "gainfully employed" since her father's death and thereby terminated her right to compensation as his presumptive dependent within the meaning of Sec. 38a, *supra?* In our opinion the logical and reasonable answer to the question is no. She is still on the same job performing substantially the same services, the only difference being that one member of the family, who benefited by those services and contributed money in recognition thereof, is now gone. If the family understanding she had with her sister in reference to staying home and keeping house did not make her "otherwise gainfully employed" during her father's lifetime, it is difficult for us to understand why the same arrangement should now constitute such "gainful employment" as will terminate her right to compensation.

It seems to us that the appellant, with undoubted good faith, seeks to persuade us into the announcement of a

subtle and extremely technical construction of the statutes involved and thereby set to naught the plain intention of the legislature. It seems obvious that the legislature intended the sections of the act under consideration to mean that an ablebodied and mentally capable child, unmarried and over 18 years old, who stays home and keeps house for her father until his death, is conclusively presumed to be wholly dependent on him unless, at the time of his death, she has a gainful occupation independent of her household duties in the family home. After his death she forfeits her right to further compensation if she marries or becomes gainfully employed in some other manner than merely staying at home and keeping house for the remaining members of the family. Under this simple and obvious construction of the statute we find no facts that disqualify the appellee as a presumptive dependent or terminate her compensation as such.

Award affirmed.

NOTE.—Reported in 130 N. E. 2d 488.